**UNITED STATES of America,**
**Appellee,**

v.

**Emanuel LESTER, Petitioner-Appellant.**

**No. 262, Docket 28488.**

United States Court of Appeals
Second Circuit.

Argued Jan. 14, 1964.

Decided March 10, 1964.

James M. Brachman, Asst. U. S. Atty. for the Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Robert J. Geniesse, Asst. U. S. Atty., on the brief), for appellee.

Bernard Tompkins of Tompkins & Lauren, New York City, for defendant-appellant.

Before SWAN, MOORE and SMITH, Circuit Judges.

SMITH, Circuit Judge:

Appellant Emanuel Lester was indicted in the Southern District of New York in 1952 for conspiracy to import gold into the United States in violation of 12

U.S.C. § 95a, with two co-defendants. All pleaded not guilty. In 1957 the two co-defendants pleaded guilty and in 1958 imposition of sentence as to them was suspended on one count, with probation for one day, and the other counts dismissed. On September 19, 1960 counsel was assigned to represent appellant and on September 29, 1960, with counsel present, appellant, at that time serving a sentence imposed in the Western District of Pennsylvania, was produced in court, pleaded guilty and was sentenced by Judge Palmieri to imprisonment for four years, concurrent with the three-year sentence then being served, to become eligible for parole at such time as the Parole Board might determine, under 18 U.S.C. § 4208(a) (2).

In March 1963 appellant filed in the instant proceeding a motion under 28 U.S.C. § 2255 to vacate and set aside the judgment, which was by stipulation referred back by Judge Palmieri to the judge sitting in calendar part, Judge Croake, for disposition. On the motion and affidavits and argument of counsel, without further hearing, Judge Croake denied the motion and Lester appeals. We find no error and affirm the order denying the motion to vacate judgment.

■ Lester raises three principal issues of which two are patently frivolous. The first is a violation of his right to a speedy trial by the long delay between indictment and sentence. The long delays are, however, accounted for partly by investigation of involvement of others, and partly by Lester's preoccupation with other litigation. In 1957 the case was marked off calendar because he was then incarcerated under a New York state court sentence for attempted extortion from one Serge Rubinstein. He could of course have been brought in on a writ had he demanded trial at that or any subsequent time. He made no such demand. He had the right to a speedy trial, but must be held to have waived the right by failure to request that the case be brought to trial. United States v. Kabot, 295 F.2d 848, 852 (2 Cir. 1961); United States v. Van Allen, 2 Cir., 288 F.2d 825, cert. denied 368 U.S. 836, 82 S.Ct. 31, 7 L.Ed.2d 37 (1961), reh. denied 368 U.S. 908, 82 S.Ct. 170, 7 L.Ed.2d 101.

■ He also claims that the sentence was excessive. It was, however, within the statutory limits, and his record of convictions of serious crimes, including the Rubinstein extortion attempt and the Gulf Oil geophysical map thefts, was truly described by the sentencing judge as "frightening." Cf. Martin v. United States, 317 F.2d 753 (9 Cir. 1963).

His third claim is one of a promise of nonprosecution or of leniency on sentence to induce his plea.

In 1956 he had been convicted, after trial in the Southern District of New York, of perjury committed in the course of a civil action between other parties. At the time of sentencing in that case reference was made to his admission of guilt on the then pending charge in the instant case, and he and his counsel made no claim of innocence or of any promise that he would not be prosecuted.

The 1956 perjury conviction was reversed on appeal, 2 Cir., 248 F.2d 329 (1957) and remanded for retrial, as appears further below. At the time of the perjury conviction there was pending a charge against appellant on a 1951 indictment in the Western District of New York for illegal importation of goods. On July 13, 1954 appellant, without counsel present, pleaded guilty to one count of the 1951 indictment. On July 30, 1956, after hearing, a motion to withdraw the plea was denied and sentence was imposed. This court on August 12, 1957 reversed, 2 Cir., 247 F.2d 496, and remanded for hearing on appellant's claims that he was innocent but had pleaded guilty only because the prosecutor had led him to believe that such a plea would not result in a prison sentence. This court in its opinion discussed at length the circumstances under which a plea of guilty may or may not be accepted, including an interrogation as to any promises to induce the plea. This history is of some significance in the instant case, since the plea herein was entered on September 29, 1960, when appellant, with assigned counsel, was in-

terrogated by Judge Kaufman, who inquired about promises, which appellant denied, and reminded appellant of the possibility of imprisonment. Moreover, when appellant came before Judge Palmieri for sentence in the instant case on December 8, 1960, he addressed the court asking for an opportunity "not to break the law again." After sentence was pronounced, pleading that it be reduced, he maintained that an attorney appointed in the present case said that the government would drop the perjury charges if he pleaded guilty in this case. The government denied knowledge of any such conversations by the other defense attorney, but did indicate that in view of defendant's sentences in the Western District of Pennsylvania and in the instant case it was its intention not to proceed with the perjury case. The court declined to reduce the sentence, but at defendant's request made him eligible to parole under § 4208(a) at the discretion of the Parole Board. He did not in then addressing the court advance his present claims.

■ Appellant's claims are somewhat confusing, but obviously the indefinite allegations of an understanding not to prosecute were not the foundation of a plea entered long after the prosecution had been under way. The only possible inducement which can be distilled from appellant's claims to the court was a claim of an understanding by appellant's counsel that Lester's cooperation in the gold smuggling investigation would be made known to the court by the government on sentence. In view of Lester's interrogation at the time of plea, his denial of any inducement, his familiarity with the role of judge and prosecutor, reinforced by its recapitulation in his own case not long before, we think it would be utterly unreasonable to require a hearing on the voluntariness of Lester's plea; for "the motion and the files and the records of the case"—particularly the meticulous questioning on acceptance of the plea— "conclusively show that the prisoner is entitled to no relief."

Affirmed.