John Joseph **PUTNAM**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7819.

United States Court of Appeals
Tenth Circuit.

Oct. 22, 1964.

**314**

Milnor H. Senior, Denver, Colo., for appellant.

Lewis Campbell, Asst. U. S. Atty. (John Quinn, U. S. Atty., and Scott Mc-Carty, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This appeal is from an order of the court below denying, without a hearing, appellant's motion under Rule 32(d), F.R.Crim.P., 18 U.S.C.A., to withdraw his plea of guilty and under 28 U.S.C.A. § 2255 to vacate and set aside his conviction and sentence. The primary issues are whether appellant was entitled to an evidentiary hearing and whether his plea of guilty was entered voluntarily and knowingly with a full understanding of the nature of the charge against him.

On September 28, 1963, Putnam entered into a rental contract with a Hertz Rent-A-Car agency in Toronto, Ontario, Canada, under the terms of which he rented a 1963 Chevrolet automobile for a period of one day. Later, he changed the expiration date on the rental papers from September 29 to November 29. On November 1, 1963, Putnam was still driving the 1963 Chevrolet and was stopped by state officers in Las Cruces, New Mexico, for speeding. As proof of his ownership of the automobile, he offered the rental contract but this apparently did not satisfy the state officers. Putnam was taken into custody and, subsequently, interrogated by an agent of the F.B. I. He filed a written waiver of prosecution by indictment and was charged by information with the transportation in interstate and foreign commerce, from Toronto, Canada, to Las Cruces, New Mexico, of the 1963 Chevrolet automobile, in violation of 18 U.S.C.A. § 2312.

Putnam was arraigned upon the charge and entered a plea of not guilty. Counsel was appointed to represent him and he, thereafter, changed his plea of not guilty to guilty. He was sentenced to imprisonment for a term of eighteen months.

As grounds for his motion, Putnam alleged that he was not guilty of the offense charged and, at the most, might be guilty of "Conversion by Bailee or Embezzlement" and that he was induced to change his plea from not guilty to

·guilty by the promises of, or a misunderstanding with, his court-appointed attorney to the effect that he would be deported to Canada but would not be imprisoned.

■■ It is, of course, the rule that a plea of guilty is void when induced by promises or threats which deprive it of the character of a voluntary act and a judgment and sentence entered thereon is subject to attack by a § 2255 motion. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Luse v. United States, 10 Cir., 326 F.2d 338. It is also the rule that a hearing is required on a § 2255 motion unless the motion and the files and records in the case conclusively show that the prisoner is not entitled to relief. Luse v. United States, supra; Yates v. United States, 10 Cir., 316 F.2d 718. But, a hearing is not required where the motion and the files and records conclusively show that the prisoner is entitled to no relief, Puckett v. United States, 10 Cir., 314 F. 2d 298, or where no factual issues are raised, Johnston v. United States, 10 Cir., 331 F.2d 997. We must therefore determine whether appellant's motion and the files and records in the case conclusively show that his plea of guilty was voluntarily and knowingly entered. If so, he was not entitled to a hearing.

■■ Putnam alleged in his motion that the guilty plea was induced by a promise that he would be deported rather than imprisoned if he would plead guilty. It is not entirely clear from the record whether this promise is alleged to have been made by his court-appointed attorney, by the prosecutor or some other government official or by the trial judge. In any event, such an allegation of fact must ordinarily be accepted as true, but that is not so where the allegation is contradicted by the files and records before the court. Pelley v. United States, 7 Cir., 214 F.2d 597, cert. denied, 348 U.S. 915, 75 S.Ct. 296, 99 L.Ed. 718; United States v. Davis, 6 Cir., 319 F.2d 482. We are of the opinion that the files and records in this case not only contradict Putnam's allegation, but also show without question that appellant's plea of guilty was entered voluntarily and knowingly with a full understanding of the nature of the charge and the possible penalty therefor, and was not the result of a promise of any kind. At the time of arraignment, the trial court explained to Putnam the nature of the charge against him, advised him of the possible penalty for the offense and appointed counsel for him. After conferring with his lawyer, Putnam in open court executed a written waiver of the right to have his case presented to a grand jury and consented to prosecution by information. He entered a plea of not guilty but thereafter changed that plea to one of guilty. In so doing, he stated in response to the court's questions that he was guilty of the offense charged and that no threats or promises were used to induce him to change the plea.[1] It

1. "THE COURT: Now, let's see. Mr. Putnam, you were charged with violation of the Dyer Act. I think I explained all of your rights to you, didn't I?
"DEFENDANT: Yes, sir.
"THE COURT: All right. How do you plead then to this charge, guilty or not guilty?
"DEFENDANT: Guilty.
"THE COURT: You did steal this car in question, or was it already stolen by someone else?
"MR. MONROE: Well, this car had been rented. It was a Hertz car. They rented it in Canada for a day and kept it for a month.
"THE COURT: I presume that is equivalent to stealing it?
"MR. MONROE: Yes, your Honor, under the statute, yes.
"THE COURT: You knew that it was a stolen car, did you?
"DEFENDANT: Yes, your Honor.
"THE COURT: Were you sober when you crossed these state lines?
"DEFENDANT: Yes, sir.
"THE COURT: You knew what you were doing? You understood and knew what you were doing?
"DEFENDANT: Yes, sir.
"THE COURT: Knew that it was stolen. Has anyone threatened you in any way to get you to enter a plea in this case? Have they held out any

is true appellant and his attorney may have thought that he would be deported, but the transcript of the sentencing proceedings clearly shows that while a request for deportation in lieu of imprisonment was made to the court, it was only a request and nothing more.[2]

■ We conclude that no factual issues were raised by appellant's motion and the files and records conclusively show that his guilty plea was entered voluntarily and knowingly and without promise of any kind. There was therefore no necessity for the court below to hold an evidentiary hearing. We further conclude that the record before us fails to show an abuse of discretion on the part of the lower court in denying the appellant's motion to withdraw his plea of guilty. Criser v. United States, 10 Cir., 319 F.2d 849.

■ Appellant's remaining contention that venue was not in the District of New Mexico is patently without merit. He was transporting a stolen car in interstate and foreign commerce and under

---

promises of leniency or offers of reward, anything of that sort?

"DEFENDANT: No.

"THE COURT: You are doing it of your own free will and choice?

"DEFENDANT: Yes, sir."

2. "THE COURT: Mr. Putnam, do either you or your attorney have anything to say why sentence should not be imposed on you at this time, in mitigation of sentence, or otherwise?

"MR. MONROE: May it please the Court, I believe you were going to—

"THE COURT: Well, I will, but I wondered if there was anything you wanted to say before that.

"MR. MONROE: Yes, your Honor. We would like to request that, in the event that sentence is imposed, that it be suspended, because we understand that this man will be immediately deported. I have talked to the deportation people, and they say that his entry was unlawful and that he would be immediately deported.

"THE COURT: Now let me talk to Mr. Putnam a little bit. When I questioned you at the time you pleaded guilty, you told me that you were guilty and so on, and now I understand that you tell the probation officer that you are really not guilty. Is that what your contention is?

"DEFENDANT: No, sir, that is not quite true, your Honor.

"THE COURT: What is the situation?

"DEFENDANT: I did sign for the car and bring it across the state lines, but, although ignorance of the law is no excuse, I wasn't aware this was a crime at the time I drove across the state lines, although I did rent the car for one day and keep it overdue.

"THE COURT: You changed the rental papers and showed the expiration date as the 29th of November, rather than the 29th of September?

"DEFENDANT: Yes, your Honor.

"THE COURT: You drove the car about 10,000 miles?

"DEFENDANT: Approximately, your Honor.

"THE COURT: You had it only rented for one day?

"DEFENDANT: Yes, your Honor.

"THE COURT: Well, your idea was because you got it lawfully that you could do whatever you wanted with it, is that it?

"DEFENDANT: No, your Honor, that's not quite true either.

"THE COURT: What was it?

"DEFENDANT: I knew it was wrong to keep the car, but at the time of my arrest, our arrest, we were going back to Canada where the car was to be returned to its owners. This is only verbal by my statement. I have nothing to back up this statement, but that was my intention.

"THE COURT: Here's the situation: I don't want to accept a plea of guilty from you and then later have you contend that you weren't really guilty. I want that settled right now and, if there is any question about it, why I would rather just enter a not guilty plea for you and let you be tried.

"DEFENDANT: No, your Honor. I realize I am guilty.

"THE COURT: Any intention of taking the car back or anything of that sort, I don't want to accept your plea on any of those conditions. Now, is that understood?

"DEFENDANT: Yes, your Honor.

"THE COURT: Anything else you want to tell the Court?

"DEFENDANT: Well, if sentence is imposed at this time, as my attorney has pointed out, I would ask that the sentence be suspended on deportation order."

18 U.S.C.A. § 3237 venue for an offense involving transportation in interstate or foreign commerce is " * * * in any district from, through, or into which such commerce * * * moves." See Penny v. United States, 4 Cir., 154 F.2d 629.

Affirmed.