**UNITED STATES of America,
Appellee,**

v.

**Seymour KOMITOR, Appellant.**

**No. 305, Docket 31869.**

United States Court of Appeals
Second Circuit.

Argued Jan. 25, 1968.

Decided April 8, 1968.

Jerome Lewis, New York City, for appellant.

Pierre N. Leval, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, and Paul K. Rooney, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

In an indictment filed on July 1, 1966, appellant was charged with nine counts of having received fees, compensations and rewards for the performance of his duties as an Internal Revenue officer in violation of 26 U.S.C. § 7214(a) (2). On July 28, 1966, appellant, represented by counsel, pleaded not guilty to all counts of the indictment. Later appellant obtained the services of another attorney and on May 9, 1967, withdrew his plea of not guilty and substituted a plea of guilty to Count Five which charged appellant with accepting $15 on June 19, 1961, from an accountant in connection with the examination of a 1960 income tax return.

Before accepting the guilty plea, Judge Cannella questioned appellant about the facts and implications of his plea. In response to these questions, appellant indicated that he had consulted with his lawyer, that he understood the law, that he had not been promised anything or threatened in any way, and that he changed his plea because he felt himself to be guilty of the charge.

On July 14, 1967, appellant was sentenced by Judge Palmieri to imprisonment for six months, probation for two years, and fined $2,500. The remaining eight counts were dismissed, without objection by the government, on motion by the appellant.

On July 21, 1967, appellant, now represented by yet another lawyer, moved before Judge Cannella to withdraw his guilty plea. This motion was denied and we affirm.

■ Rule 32(d) of the Federal Rules of Criminal Procedure provides:

> *"Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

This court has held that permission to withdraw a plea of guilty is a matter for the sound discretion of the trial court and "is reversible only if clearly erroneous." United States v. Giuliano, 348 F.2d 217, 221 (2d Cir. 1965); United States v. Hughes, 325 F.2d 789, 792 (2d Cir.), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964).

The government contends that appellant simply gambled on getting a suspended sentence by pleading guilty and, when he did not receive what he had expected, he preferred to take his chances with a trial. Appellant, in turn, argues, as he must, that the court should permit withdrawal of the plea "to correct manifest injustice."

Appellant claims that he had poor advice from his lawyer who represented him at the time he entered the plea of guilty; that, as he then understood the law, he assumed he was guilty merely if he received the money and did not realize that the money must be received in connection with his employment before it is a crime; that at the hearing in which he entered the guilty plea, he admitted receiving the $15 as a "gift"; and that nowhere did he state that he received the money in connection with the performance of his duties as an Internal Revenue officer. He now maintains that the money was received "in a purely social and friendship context one day when it happened to be my birthday * * *" (Affidavit in support of the motion to withdraw the guilty plea).

However, the indictment is clear. It charges that appellant "unlawfully, willfully and knowingly did receive a fee, compensation and reward not prescribed by law, in the amounts hereinafter set forth for the performance of a duty, to wit, the examination of income tax returns hereinafter set forth." It strains credulity to think that appellant, himself a lawyer and represented by competent counsel, could have mistakenly pleaded guilty to this charge. The plea was not made in haste. Approximately nine and one-half months elapsed between the original plea of not guilty and the hearing on the motion to change the plea to guilty. Furthermore, the minutes taken at the time of appellant's guilty plea rebut his present contentions. The court ascertained that appellant had had an opportunity to talk to his counsel about the case and had explained to him "all the facts as you understand them"; that they had discussed the law and the punishment; and that appellant was "fully armed now with all the information you need to proceed at this time." The court, delving into the facts further, gave appellant an opportunity to state his own version, thus developing the "gift" of the $15 which appellant admitted he had no right to accept and that he was doing "something wrong." Even as to the extent of the punishment (the six months' jail sentence being the focal point of this appeal), there was a full understanding as to the jail consequences of the plea. At first appellant thought it might be "Ten years—two years." Then appellant remembered that it was "two years." Finally, it was discovered that both terms were wrong and that the scope of punishment was "five years and $10,000 fine." Appellant acknowledged this possibility and in answer to the court's question, "Does that change your mind in any way as to the plea that you offered?" said, "No, your Honor."

■ We are satisfied that there was no manifest injustice here; that the requirements of amended Rule 11 of the Rules of Criminal Procedure as disclosed in the Notes of the Advisory Committee on Rules were satisfied; and that there

was clearly no abuse of discretion on the part of the court below in refusing to permit appellant to withdraw his guilty plea.

Judgment affirmed.