**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry V. COOPER, Defendant-Appellant.**

**No. 26687.**

United States Court of Appeals
Fifth Circuit.

May 1, 1969.

Rehearing Denied May 30, 1969.

L. A. Greene, Jr., Houston, Tex. (Ct. Apptd.), for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Ronald J. Blask, Donald L. Stone, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

Appellant Larry Vivien Cooper was charged in the Eastern District of Arkansas on May 25, 1967 with the offense of interstate transportation of a firearm from which the manufacturer's serial number had been removed in violation of 15 U.S.C. § 902(i). On May 26, 1967 appellant requested and signed a "consent to transfer of case for plea and sentence" to the Southern District of Texas pursuant to Rule 20 of the Federal Rules of Criminal Procedure [1] in which he stated that he wished to plead guilty to the offense as charged and to waive trial in Arkansas. On June 16, 1967 he appeared before the United States District Court for the Southern District of Texas at which time the court appointed counsel to represent him. After consultation with counsel, appellant entered a plea of guilty.

Before accepting the guilty plea, Judge Ingraham questioned appellant about the voluntariness and the implications of his plea. In response to these questions, appellant indicated that he understood the consequences of his plea, that he had not been promised anything or been coerced and that he was entering the plea solely because he was guilty. The court then sentenced appellant to imprisonment for a term of two years, the sentence to run consecutively with a five year sentence appellant was then serving. No objection or protest was made at that time. More than a year later, on June 25, 1968, appellant filed a motion pursuant to Rule 32(d) [2] of the Federal Rules of Criminal Procedure to withdraw his plea of guilty. The court below denied that

1. Rule 20. Transfer from the District for Plea and Sentence
   (a) Indictment or Information Pending. A defendant arrested or held in a district other than that in which the indictment or information is pending against him may state in writing that he wishes to plead guilty or *nolo contendere,* to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested or is held, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district.

2. Rule 32. Sentence and Judgment
   \* \* \* \* \*
   (d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

motion without an evidentiary hearing and we affirm.

■ Appellant alleged in his motion to withdraw his plea of guilty that his plea was coerced and induced by promises made by officers of the court, the F.B.I. and others. This contention is squarely rebutted by appellant's repeated statements to the contrary made at the time the plea was entered and therefore need not be considered further. Putnam v. United States, 10th Cir. 1964, 337 F.2d 313, 315. Appellant's claim that his plea was induced by concern for his family is likewise rebutted by his own statements contained in the record. Appellant further complains that he was not afforded a hearing prior to the acceptance of his guilty plea to determine his mental competency. There was nothing in the record, however, to indicate the necessity for a mental competency hearing under either 18 U.S.C. 4244 or Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 835, 836, 15 L.Ed.2d 815. At his arraignment appellant indicated that he had never been a patient or an inmate in a mental institution or hospital; that he had never been treated for a nervous or mental disease; and that he understood the nature of his guilty plea. His appointed counsel stated that in his opinion appellant was mentally competent, and the trial judge found him to be mentally competent.

We conclude, therefore, that appellant's motion did not present factual issues necessitating an evidentiary hearing by the court below, *see* Plaster v. United States, 5th Cir. 1967, 381 F.2d 578, 580,

United States v. Lester, 2d Cir. 1964, 328 F.2d 971, 973; that there was no "manifest injustice" here within the meaning of Rule 32(d); and that the court below did not abuse its discretion in refusing to permit appellant to withdraw his guilty plea, United States v. Komitor, 2d Cir. 1968, 392 F.2d 520, 521; Putnam v. United States, *supra*, 337 F.2d at 316.

■ We do not reach appellant's further contention, raised in the first instance before this Court, that his guilty plea is vitiated by the failure of the district court, before accepting the plea, to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.[3] See McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418. Permission to withdraw a guilty plea is a matter vested within the sound discretion of the trial court. United States v. Komitor, *supra*, 392 F.2d at 521. Appellant's motion is in essence a collateral attack on the judgment, similar to a motion to set aside or vacate sentence under 28 U.S.C. § 2255; and therefore the grounds for relief must be presented in the first instance to the district court. See Heard v. United States, 1968, 29 U.S.App.D.C. 100, 390 F.2d 866, 868; Flynn v. United States, 9th Cir. 1955, 222 F.2d 541. Accordingly, our present holding is without prejudice to appellant's right to assert his Rule 11 objection in a motion to vacate or set aside the sentence under 28 U.S.C. § 2255 or in another motion to withdraw the plea of guilty under Rule 32(d).

Affirmed.

3. Rule 11. Pleas
A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the

charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966.