**UNITED STATES of America**
v.
**Raymond ROMANO, a/k/a Chino, Defendant.**
**No. 69 Cr. 482.**

United States District Court, S. D. New York.
May 11, 1970.

**408**

---◆---

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for plaintiff; Charles B. Updike, Asst. U. S. Atty., of counsel.

George P. Kosefas, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves pursuant to Fed.R. Crim.P. 32(d) to withdraw his plea of guilty heretofore accepted by this Court on November 19, 1969. After carefully reviewing the transcript of the proceedings conducted on November 19, 1969, I am convinced that the defendant voluntarily and knowingly pleaded guilty to Count One of the indictment. The Court's inquiry of the defendant was, I believe, in accordance with the justifiably cautious standards set forth in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968). The defendant convinced the Court that he believed he was wrong and wished, after consulting counsel with whom he expressed satisfaction, to plead guilty to Count One of the indictment. The transcript makes it abundantly clear that the defendant understood the nature of the charge, the consequences of his plea, and that there existed an adequate factual basis for accepting his plea. By placing defendant's state of mind on the record through personal inquiry by the Court, I have, I believe, abided by the Supreme Court's admonition against resorting to " 'assumptions' not based upon recorded responses to * * * [my] inquiries." McCarthy v. United States, *supra* at 467, 89 S.Ct. at 1171.

It is well established that a motion under Rule 32(d) as distinguished from a proceeding under Section 2255 of Title 28, United States Code, is addressed to the District Court's discretion and is not a matter of right. United States v. Napolitano, 212 F.Supp. 743, 745 (S.D.N.Y.1963).

When, as here, in response to questions propounded by the Court, a defendant satisfies the Court that: (1) he was aware that what he was doing was wrong when he committed the crime charged; (2) that he was mentally competent at the time the crime was committed and when the plea was taken; and (3) that the plea was voluntarily made after discussion with counsel of defendant's choosing whom he was satisfied with, had confidence in, and whom he felt adequately protected his interests, it is frivolous for a defendant to thereafter move to withdraw his guilty plea, based upon an unsupported allegation that he was entrapped, and an inferential assertion that his previous attorney was incompetent. See United States v. Komitor, 392 F.2d 520 (2d Cir.), cert. denied, 393 U.S. 827, 89 S.Ct. 91, 21 L.Ed.2d 98 (1968); Vasquez v. United States, 279 F.2d 34, 36 (9th Cir. 1960); United States v. Napolitano, supra, 212 F.Supp. at 745.

Here, as in Napolitano, supra, 212 F. Supp. at 746, "[t]he plea was accepted only after his [defendant's] answers left no doubt that he understood the seriousness of the plea and its consequences."

Defendant's solemn declarations made in open court in the presence of his lawyer will not be disregarded merely because he now self-servingly asserts that the defense of entrapment, previously discouraged by his prior attorney, may yet prove valid. In view of the record, and Agent Halperin's affidavit which places the viability of the entrapment defense in grave doubt, it is apparent that "[n]othing of probative value has been submitted on this motion to warrant rejection of his earlier admissions made under adequate judicial safeguards, or the acceptance of his assault upon the competency of the attorney who stood by his side at the time * * * " the plea was taken and when sentence was imposed. United States v. Napolitano, supra, 212 F.Supp. at 747.

Further, I find that since both the record and the affidavit of Agent Halperin taken together negate all bases asserted by movant in support of his motion, an evidentiary hearing is unwarranted. Baker v. United States, 404 F. 2d 787, 790 (10th Cir. 1968). That is, when the affidavit and record are collectively considered, defendant's motion does not present any factual issues that require an evidentiary hearing. United States v. Cooper, 410 F.2d 1128, 1130 (5th Cir. 1969); see United States v. Lester, 328 F.2d 971, 973 (2d Cir. 1964).

I further find that, despite defendant's protestations to the contrary, there is nothing in the record to suggest that a mental competency hearing would either be useful or necessary. United States v. Cooper, supra, 410 F.2d at 1130.

Accordingly, and for the foregoing reasons, defendant's motion is in all respects denied.

So ordered.