430 F.2d 1325
 Larry V. COOPER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 28783 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 August 24, 1970.
 Rehearing Denied September 17, 1970.
 
 Larry V. Cooper pro se.
 Anthony J. P. Farris, U. S. Atty., Houston, Tex., for appellee.
 Before WISDOM, THORNBERRY and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of a motion to vacate judgment and sentence, 28 U.S.C. § 2255. We affirm.
 
 
 2
 The appellant was convicted upon his plea of guilty of interstate transportation of a firearm from which the serial number had been removed, in violation of 15 U.S.C. § 902(i) [now 18 U.S.C. § 922].
 
 
 3
 The district court's denial of the appellant's motion to withdraw his plea of guilty was affirmed by this Court. United States v. Cooper, 5th Cir. 1969, 410 F.2d 1128. There we upheld a ruling that appellant's contention of involuntariness of the plea was refuted by the files and records. Our decision was without prejudice to appellant's right to present his contention of failure to comply with the provisions of Rule 11, F.R. Crim.P. to the district court in the first instance. Appellant thereafter sought relief in the district court, that court denied relief, and this appeal followed.
 
 
 4
 The district court held that there was no need to conduct an evidentiary hearing because appellant's allegation that Rule 11 was violated is refuted by the files and records. The record shows that the sentencing judge personally inquired whether the petitioner understood the nature of the charge against him and that the judge satisfied himself that there was a factual basis for the plea. On the facts of this case, as clearly reflected in the record, we can only conclude that Rule 11 was adequately complied with, and therefore we affirm the district court's denial of relief.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I