437 F.2d 107
 Billy R. BARKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 28249 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 26, 1971.
 
 Bernard J. Capella, New Orleans, La. (court-appointed), Bernard J. Bagert, Jr., New Orleans, La., for petitioner-appellant.
 Gerald J. Gallinghouse, U.S. Atty., Robert L. Livingston, Jr., Daniel J. Markey, Jr., Asst. U.S. Attys., for respondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the denial, after an evidentiary hearing, of Barker's 2255 petition, in which he alleged that his guilty plea to violation of 18 U.S.C.A. 2312 was coerced. He contends that the court did not carry out a deal made between defense counsel, the Assistant United States Attorney, and the District Judge to impose a two year federal sentence to run concurrently with a two year state sentence but instead sentenced Barker to four years. We affirm.
 
 
 2
 At the time Barker entered his plea of guilty, he was closely questioned by the court to ensure that the plea was voluntarily made. His claim of coercion 'is squarely rebutted by appellant's repeated statements to the contrary made at the time the plea was entered and therefore need not be considered further. Putnam v. United States, 10th Cir. 1964, 337 F.2d 313, 315.' United States v. Cooper, 5 Cir. 1969, 410 F.2d 1128, 1130.
 
 
 3
 Moreover, the testimony of the sentencing judge, the Assistant United States Attorney, and counsel for Barker leaves no room for doubt that no deal was made, or was represented to Barker by his counsel as having been made.
 
 
 4
 Affirmed.