DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. On January 24, 1995, appellant, Neil George, entered a guilty plea to the charge of aggravated vehicular homicide with the specification that his driver's license was suspended. On March 9, 1995, appellant was sentenced to a two to ten year prison term. On April 4, 1996, appellant's motion for shock probation was denied. On June 9, 1998, the trial court denied appellant's "motion to suspend further execution of sentence." Finally, on March 15, 1999, the trial court denied appellant's motion to withdraw his guilty plea. It is from this decision that appellant appeals setting forth the following assignments of error:
 "I. THE DEFENDANT'S PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY. DEFENDANT'S COUNSEL ADVISED DEFENDANT THAT THE PLEA AGREEMENT WOULD MAKE HIM ELIGIBLE FOR A LESSER SENTENCE, WHICH IN FACT IT DID NOT. FURTHER, DEFENDANT'S COUNSEL GUARANTEED THE DEFENDANT THAT HE WOULD BE OUT OF PRISON IN SEVENTEEN(17) MONTHS.
 II. THE TRIAL COURT FAILED TO GRANT THE DEFENDANT A COMPLETE AND IMPARTIAL HEARING ON HIS MOTION TO WITHDRAW HIS PLEA."
In his first assignment of error, appellant contends that he did not knowingly, intelligently and voluntarily enter his guilty. Specifically, appellant contends that he entered his guilty based on his counsel's promise that he would only be sentenced to seventeen months in jail.
Crim.R. 11(C)(2) states:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining
 that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
Crim.R. 32.1 states: "[A] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Such a postsentence device as provided for in Crim.R. 32.1 is to be used in extraordinary cases and a defendant seeking to withdraw this plea bears the burden of establishing that a manifest injustice occurred. State v. Smith (1977), 49 Ohio St.2d 261,264. The trial court is vested with discretion in determining the good faith, credibility and weight of the movant's assertions in support of the motion. Id. Undue delay between the occurrence of the claimed manifest injustice causing the invalid plea and the filing of a motion to withdraw is a factor that weighs against the movant's credibility. Id.
In the present case, appellant has not established that a manifest injustice occurred. The transcript of appellant's plea hearing reads in pertinent part:
 "The Court: Do you understand that that is an aggravated felony of the third degree and carries a possible penalty of two, three, four or five up to ten years in a state institution? Do you understand?
 Appellant: Yes, your honor.
 The Court: Do you understand that because of the specification attached, this is a nonprobatable offense, and it is non-shockable, which means you will be doing time in a state institution? Do you understand that?
 Appellant: Yes, sir.
 The Court: By non-shockable, that means that you cannot file a motion for early release. Pursuant to the sentence, it would be strictly up to the parole board when and if you are released from custody. Do you understand that?
 Appellant: Yes, sir.
* * *
 The Court: Have there been any promises or threats made to you to get you to enter this plea of guilty today?
 Appellant: No, sir."
Based on the foregoing, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the court erred in not holding an evidentiary hearing before denying his Crim.R. 32.1 motion.
This court has held in State v. Legree (1988) 61 Ohio App.3d 568,573:
 "A hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201, 204. Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal. R.C. 2953.21(E).
 See, also, State v. Milanovich (1975), 42 Ohio St.2d 46, ; United States v. Romano (S.D.N.Y. 1970), 314 F. Supp. 407."
Based on our review of the transcript, we conclude that the record contradicts appellant's assertion that he was guaranteed a specific sentence. Appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98. _______________________________ JUDGE Melvin L. Resnick, J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Mark L. Pietrykowski, J.