**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC BEHRENS,

    Defendant - Appellant.

No. 16-8002
(D.C. Nos. 2:15-CV-00089-NDF and
2:10-CR-00280-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

After his direct appeal proved unsuccessful, Eric Behrens sought relief under 28 U.S.C. § 2255. The district court denied Behrens' § 2255 motion and his request for a certificate of appealability (COA). Behrens now asks us for a COA so he can appeal the district court's decision. Because Behrens fails to "demonstrate that reasonable jurists would find the district court's assessment of" his Sixth Amendment claim "debatable or wrong," we deny Behrens' request for a COA and dismiss the appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

BACKGROUND

Four days before Behrens' trial on federal drug charges was scheduled to begin, his trial counsel advised Behrens that he wasn't prepared for trial and asked whether Behrens would be "willing to postpone the matter." *United States v. Behrens*, 551 F. App'x 452, 460 (10th Cir. 2014) (unpublished) (Ebel, J., concurring in part and dissenting in part). Behrens acquiesced and trial counsel moved for a continuance, asserting he needed more time to prepare. *Id.*

The trial court denied the motion for continuance. But when Behrens personally told the trial court that he was concerned about counsel's level of preparedness, trial counsel admitted to the court that Behrens' concerns were not unfounded: trial counsel had yet to contact a previously identified witness whose importance he initially overlooked. *Id.* at 460-61.

By all indications, trial counsel's failure to contact this potential witness was an oversight, not a strategic decision. *See id.* at 457 (majority opinion) ("Whether this delayed realization [regarding the witness' importance] was the result of devoting time to other matters or [trial counsel's] own misapprehension is not clear."). Even the government recognized as much. *See id.* at 460-61 (Ebel, J., concurring in part and dissenting in part). Nevertheless, the trial court characterized Behrens' concerns as implicating matters of trial strategy—matters it entrusted to counsel's discretion. *Id.* at 461. So when trial counsel sought to withdraw from the case, the district court denied his request. But it did grant Behrens' subsequent request to proceed pro se. *Id.*

The jury ultimately found Behrens guilty of one count each of conspiring to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A); and possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Facing a 240-month prison sentence, Behrens appealed. In relevant part, he argued that his decision to represent himself at trial was involuntary "because he was forced to choose between appearing pro se or proceeding with unprepared counsel." *Behrens*, 551 F. App'x at 456.

The majority of a divided panel of this court disagreed. Although the majority recognized that trial counsel admitted "he had yet to contact one witness whose importance he had not yet realized," it reasoned that counsel still had time—"albeit at the last minute"—to contact that particular witness. *Id.* at 457. Thus, the majority concluded, "counsel could have provided reasonably effective assistance," and Behrens' decision to proceed pro se was voluntary. *Id.*

After this court affirmed his convictions, Behrens sought post-conviction relief under § 2255. In relevant part, he asserted that appellate counsel was ineffective in failing to seek a limited remand to the trial court for purposes of expanding the record to support Behrens' involuntary-waiver-of-counsel claim.[1] During that remand, Behrens said, appellate counsel could have provided an affidavit or

---

[1] Behrens also raised three additional grounds for relief in his motion. But in his application for COA, Behrens focuses solely on his claim that appellate counsel was ineffective in failing to provide an adequate record to support Behrens' involuntary-waiver argument. Accordingly, we limit our discussion to that claim.

3

testimony from trial counsel in which trial counsel admitted to being unprepared for trial. Armed with that additional evidence, Behrens posited, the divided panel that rejected his involuntary-waiver argument on direct appeal would have reached a different result.

The district court found Behrens' ineffective-assistance-of-appellate-counsel claim meritless and denied his § 2255 motion. And because the district court found that Behrens failed to make "a substantial showing of the denial of a constitutional right," it also denied his request for a COA. R. vol. 1, 155 (quoting 28 U.S.C. § 2253(c)(2)).

## DISCUSSION

Behrens argues that we should grant his request for a COA because the district court erred in rejecting his ineffective-assistance-of-appellate-counsel claim. We may grant Behrens' request only if he "demonstrate[s] that reasonable jurists would find the district court's assessment of" that claim "debatable or wrong." *Slack*, 529 U.S. at 484.

In support of his Sixth Amendment claim, Behrens provided the district court with a sworn affidavit in which he recounted a recent telephone conversation with trial counsel. During that conversation, Behrens attested, trial counsel stated that if "appellate counsel [had] been granted a limited remand," trial counsel "would have testified that he was unprepared for trial." R. vol. 1, 35. This evidence, Behrens argued, likely would have changed the outcome of his direct appeal.

4

The district court disagreed. First, it criticized Behrens for failing to provide any evidence beyond his own sworn affidavit that suggested trial counsel might have testified to his own unpreparedness. Second, it suggested that the record directly contradicted that assertion.

For instance, the district court noted, trial counsel explicitly informed the trial court "that he was ready to proceed." R. vol. 1, 150. Moreover, the district court maintained, "trial counsel essentially said that [any witnesses he failed to contact] were witnesses that Behrens wanted him to contact, but that counsel did not believe were necessary." *Id.* Thus, the district court reasoned that "nothing in the record . . . suggest[ed] that Behrens' trial counsel would provide a sworn affidavit stating he was unprepared to go to trial, when he was unwilling to state on the record at the time of the request for continuance that he was unprepared to go to trial." *Id.* And because the record contained no evidence suggesting trial counsel would have testified to his own unpreparedness, the district court concluded, Behrens couldn't demonstrate that appellate counsel's failure to expand the record to contain such nonexistent testimony constituted deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that defendant seeking to establish ineffective assistance of counsel must "[f]irst . . . show that counsel's performance was deficient").

The district court's analysis is problematic in two respects. First, we question the district court's finding that the only witnesses trial counsel said he failed to contact were those he "did not believe were necessary." R. vol. 1, 150. This characterization of the record overlooks an undisputed fact: whether "the result of

5

devoting time to other matters or his own misapprehension," trial counsel admitted he "had yet to contact one witness whose importance" trial counsel realized on the eve of trial. *Behrens*, 551 F. App'x at 457.

Second, we question the district court's finding that the record belies Behrens' assertion that trial counsel was willing to testify he was unprepared for trial. True, trial counsel did initially state before voir dire that he was prepared to proceed. But when the trial court questioned him about Behrens' concerns, trial counsel was fairly candid about his own unpreparedness: trial counsel acknowledged, "[T]here are witnesses . . . that I haven't yet called or interviewed"; admitted, "[F]or the last two months I have been working on other matters"; and allowed, "I can understand [Behrens'] concerns." *Behrens*, 551 F. App'x at 460 (Ebel, J., concurring in part and dissenting in part).

Under these circumstances, Behrens' sworn statement that trial counsel said he was willing to testify to his own unpreparedness isn't "wholly incredible." *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Nor is it "contradicted by the files and records before the court." *Putnam v. United States*, 337 F.2d 313, 315 (10th Cir. 1964). Thus, the district court should have accepted it as true for purposes of evaluating Behrens' Sixth Amendment claim. *See id.* We must do the same. *See Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007) ("If a district court dismisses a § 2255 claim without holding an evidentiary hearing, we take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the

6

record, or inherently incredible.'" (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002))).

Nevertheless, we are constrained to agree with the district court's conclusion—however cursory it might be—that Behrens failed to establish there was a reasonable probability he would have prevailed on direct appeal but for appellate counsel's failure to obtain a limited remand for the purpose of expanding the record. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) (explaining that two-part *Strickland* test applies to allegations of ineffective assistance of appellate counsel).

The only evidence that Behrens suggests appellate counsel might have added to the record on remand is trial counsel's statement that "he was unprepared for trial."[2] R. vol. 1, 35. The problem is that Behrens fails to provide any details

---

[2] Because Behrens proceeds pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, we might generously read Behrens' request for a COA to suggest that appellate counsel was also ineffective in failing to expand the record to include an affidavit from Behrens stating that, immediately before Behrens asked to proceed pro se, trial counsel informed him that he still hadn't contacted the witness he told the trial court he would contact. The district court didn't evaluate this argument—perhaps because Behrens' § 2255 motion didn't squarely present it. And we typically won't address an argument advanced for the first time in a request for a COA. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). In any event, Behrens doesn't assert that he told appellate counsel about trial counsel's disclosure. Thus, we decline to grant a COA on this basis. *See United States v. Miller*, 907 F.2d 994, 999 (10th Cir. 1990) (explaining that "[t]he reasonableness of an attorney's decision not to conduct an investigation is directly related to the information the defendant has supplied"

regarding trial counsel's alleged unpreparedness. It is possible that in admitting he was unprepared, trial counsel was alluding to new and different deficiencies that weren't already before this court when a divided panel affirmed Behrens' convictions. Or perhaps trial counsel was simply referring to facts the panel majority had before it but found unproblematic, e.g., that trial counsel failed to realize that a previously identified witness was important to his theory of the case until the eve of trial, and that "for the last two months," trial counsel had "been working on other matters." *Behrens*, 551 F. App'x at 460 (Ebel, J., concurring in part and dissenting in part).

Without more information about the testimony trial counsel might have been willing to provide, we can't say that reasonable jurists would debate the district court's conclusion that Behrens failed to establish there was a reasonable probability that the result of his direct appeal would have been different but for appellate counsel's failure to expand the record to include that testimony. *See Slack*, 529 U.S. at 484; *Strickland*, 466 U.S. at 694. Accordingly, we deny Behrens' request for a

---

(quoting *Coleman v. Brown*, 802 F.2d 1227, 1233 (10th Cir. 1986))); *see also Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (noting that we may deny COA on any basis that finds support in the record).

COA and dismiss the appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge