**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC BEHRENS,

Defendant - Appellant.

No. 18-8082
(D.C. No. 2:10-CR-00280-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Eric Behrens appeals from the district court's dismissal of his Motion to Modify Sentence, which motion he brought pursuant to 18 U.S.C. § 3582(c)(2). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Behrens was convicted of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. Because the jury determined Behrens's convictions involved at least fifty grams of methamphetamine, and because Behrens had a prior felony drug offense, the district court sentenced him to a mandatory minimum sentence of 240 months' imprisonment.[1] *See id.* §§ 841(b)(1)(A)(viii). This court affirmed Behrens's convictions on direct appeal. *United States v. Behrens*, 551 F. App'x 452, 458 (10th Cir. 2014).

Behrens then filed a 28 U.S.C. § 2255 motion for post-conviction relief asserting multiple claims of ineffective assistance of counsel. Of particular note

---

[1]The prior felony drug offense which, along with the fifty-plus-gram quantity of methamphetamine, qualified Behrens for a twenty-year mandatory minimum sentence was a 2007 Arizona state conviction for attempted possession of a dangerous drug. Behrens never mounted a challenge to this conviction as a qualifying "prior conviction for a felony drug offense" for purposes of § 841(b)(1)(A)(viii). He specifically recognized and reaffirmed this fact at the sentencing hearing. Instead, in both his pre-sentencing filings and at the sentencing hearing, he asserted the district court was free to disregard the applicable mandatory minimum. Based on binding Tenth Circuit precedent, the district court rejected this argument, *see United States v. Huskey*, 502 F.3d 1196, 1199-2000 (10th Cir. 2007), and imposed the mandatory minimum sentence of 240 months' imprisonment.

to the instant proceedings, Behrens claimed his trial counsel was ineffective for failing to argue the 2007 Arizona felony drug offense underlying his mandatory minimum sentence was unconstitutional. The district court denied this claim of ineffective assistance on at least two grounds. As one such ground, the district court stated, incorrectly, as follows: "Behrens's sentence was based on the guideline calculation related to drug quantity; his sentence was not increased by any mandatory minimum."[2] This court denied Behrens a certificate of appealability and dismissed his appeal. *United States v. Behrens*, 647 F. App'x 850, 854-55 (10th Cir. 2016).

---

[2]The district court's reliance on this rationale in support of its conclusion Behrens failed to carry his burden of demonstrating ineffective assistance does not cast doubt on the resolution of Behrens's § 2255 motion. In denying Behrens post-conviction relief on this claim, the district court also concluded as follows:

> In his Ground Five Behrens claims his trial counsel was ineffective for failing to argue his [2007] Arizona drug felony was unconstitutional. Behrens claims that he is currently arguing that conviction in Yuma County Superior Court. Behrens claims that his counsel should have challenged the constitutional validity of the claim and minimized Behrens's sentencing exposure.

> This is all the information Behrens states regarding this claim. There is no support for why Behrens thinks this conviction was unconstitutional and while he claims to be fighting that conviction, there is nothing to show that the conviction was found by the state court to be unconstitutional. . . .

Behrens thereafter filed the instant 18 U.S.C. § 3582(c)(2) motion. He argued his sentence should be modified based on changes made to the United States Sentencing Guidelines by Amendment 782. *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). Amendment 782 retroactively lowered the base offense levels for most drug crimes by two levels. *See* U.S.S.G. Supp. to App. C, Amendments 782, 788 (2016). Behrens further argued the district court erred in the first instance in treating his 2007 Arizona conviction as a prior felony drug offense. In so arguing, Behrens asserted the district court, at the original sentencing hearing, misapplied the "categorical approach" as demonstrated by the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013).

The district court dismissed Behrens's § 3582 motion, concluding it lacked power to modify Behrens's sentence. In particular, the district court noted that because Behrens was sentenced at the absolute bottom of the minimum sentence mandated by § 841(b)(1)(A)(viii), and not on a sentencing range set out in the Guidelines, Amendment 782 had no impact on Behrens's sentence. *See* U.S.S.G. § 1B1.10(a)(2); *United States v. McGee*, 615 F.3d 1287, 1291-92 (10th Cir. 2010)

-4-

(holding that a district court has the power to modify a sentence pursuant to § 3582(c)(2) only if a defendant's original sentence is based on a sentencing range lowered by an amendment to the Sentencing Guidelines); *see also United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013) (holding that a sentencing reduction under § 3582(c)(2) "is not authorized and is not consistent with U.S.S.G. § 1B1.10's policy statement if an applicable amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)" (alterations omitted)).  The district court further concluded it had no power to address Behrens's collateral attack on his original sentence (i.e., his assertion his 2007 Arizona felony drug conviction is not a valid predicate for purposes of § 841(b)(1)(A)(viii)) in the context of a § 3582(c)(2) proceeding.  *Torres-Aquino*, 334 F.3d at 941 ("An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.").[3]

---

[3]For this exact reason, Behrens's Rule 52(b) Motion, even assuming such a motion is procedurally proper, is **denied**.  In that motion, Behrens again asserts the district court erred at sentencing in concluding his 2007 Arizona conviction is a qualifying prior drug felony for purposes of § 841(b)(1)(A)(viii).  This argument is simply not properly raised in a § 3582(c)(2) proceeding, whether in the district court or on appeal.  Instead, at this late procedural juncture, such an argument must be brought in a § 2255 motion.  Nor can Behrens bypass the limitations on the filing of second or successive § 2255 motions by seeking to

(continued...)

Proceeding *pro se* and *in forma pauperis*,[4] Behrens appeals the district court's ruling that he is not eligible for resentencing pursuant to § 3582(c)(2). Having reviewed the record, the appellate briefs, and the applicable law, we conclude the district court was undisputably correct in concluding it lacked authority to grant Behrens's § 3582(c)(2) motion.[5] It is certainly true, as recognized by the government, that the district court's mistaken assertion about the basis for Behrens's sentence during the resolution of Behrens's § 2255 proceedings injected some uncertainty into the instant § 3582(c)(2) proceeding. A review of the record of Behrens's original sentencing proceeding, however, conclusively demonstrates Behrens was sentenced to a 240-month term of incarceration based on the mandatory minimum set out in § 841(b)(1)(A)(viii). That being the case, Amendment 782 has absolutely no effect on Behrens's sentence and the district court correctly concluded it lacked power to modify that sentence.

---

[3](...continued)
have this court address the issue under the entirely inapplicable rubric of plain error review under Federal Rule of Criminal Procedure 52(b).

[4]Behrens's motion to proceed on appeal *in forma pauperis* is **granted**.

[5]This court reviews a district court's decision to deny a sentencing reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Nevertheless, questions concerning the legal scope of the district court's authority under § 3582(c)(2), like those at issue in this case, are reviewed de novo. *United States v. Verdin-Garcia*, 824 F.3d 1218, 1220-21 (10th Cir. 2016).

Accordingly, the district court's dismissal of Behrens's § 3582(c)(2) motion

is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge