**Jimmy Howard BAKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10128.**

United States Court of Appeals Tenth Circuit.

Dec. 9, 1968.

E. C. Nelson, Muskogee, Okl., for appellant.

William J. Settle, Asst. U. S. Atty. (Bruce Green, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Oklahoma denying without a hearing appellant Jimmy Howard Baker's motion to withdraw after sentencing his plea of guilty. Rule 32(d), Fed.R.Crim.P.

The facts are not in dispute. Appellant on January 30, 1968, after having been advised of his constitutional rights, signed a written confession admitting that he had unlawfully and knowingly transported in interstate commerce a stolen motor vehicle. Thereafter, on March 14, 1968, appellant was indicted by a grand jury for transporting the motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312. On March 28, 1968 appellant made a motion to suppress the confession alleging that it was obtained by coercion and duress. On April 5, 1968, after holding a hearing, the trial court denied appellant's motion to suppress. Following such denial but also on April 5, 1968, appellant withdrew his previous plea of not guilty and entered a plea of guilty to the charge as stated above and was sentenced by the court to two years' imprisonment. On April 12, appellant filed a motion to withdraw his plea of guilty alleging that the court in accepting his plea wrongfully failed to advise him that as a result of entering such a plea he would be prevented from appealing the court's denial of his motion to suppress. On April 18, 1968 the court without a hearing denied said motion. The basis of this appeal is appellant's contention that the trial court erred both in denying his motion to withdraw his plea of guilty and in doing so without granting a hearing.

Among other things, Rule 11, Fed.R.Crim.P., provides that a plea of guilty shall not be accepted by the trial court until and if the court determines that the accused understands the consequences of entering such a plea. The

rule dictates no ritual, Nunley v. United States, 10 Cir., 294 F.2d 579, cert. denied, 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527; Stephens v. United States, 10 Cir., 376 F.2d 23, cert. denied, 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176, and the duty to inform the defendant of the right to appeal is limited to those instances when sentence is imposed after trial. Rule 32(a) (2), Fed.R.Crim.P.; Crow v. United States, 10 Cir., 397 F.2d 284. However, when, as here, a plea of guilty is presented immediately following an adverse ruling upon a critical motion to suppress we agree with appellant that a procedural circumstance has occurred which, if ignored by the trial court, might have bearing upon the ultimate issue of the voluntariness of a plea. But the court did not here ignore the circumstance.

Appellant's motion to suppress was denied after a full evidentiary hearing and court was then recessed subject to call. Although a trial date had been set for the following week, the court was reconvened that same day at the instance of appellant who informed the court that he wished to withdraw his plea of not guilty and enter a plea of guilty. The trial court with commendable thoroughness and in direct colloquy with appellant then probed every aspect of appellant's decision and made specific and particular reference to appellant's claim that had framed the motion to suppress as indicated by the following pertinent record excerpt:

"THE COURT: A jury will be here and ready to proceed if your case is tried. If you go to trial the Government has the responsibility of convincing the jury beyond a reasonable doubt that this was a stolen motor vehicle, that you knew it was stolen, and that you transported it or participated in the transportation of it from Arkansas into Oklahoma. If you plead guilty the Government has no obligation in that regard, and furthermore it doesn't need to produce any witnesses here to be cross-examined. These are constitutional rights that you are giving up on your change of plea. Do you understand that?

DEFENDANT BAKER: Yes, sir, I do, sir.

THE COURT: Have you talked the matter over with your attorney before taking this action?

DEFENDANT BAKER: Yes, sir, I have, sir.

THE COURT: Now, at our hearing on the question of admissibility of the statements against you there is, of course, the possibility that by admitting them in evidence at the trial of your case I might be in error, it might be grounds for reversal. But, by entering a plea of guilty it is not necessary for the Government to produce those statements or testimony concerning them. It is an admission on your part of your guilt. One of the objections that you had to the use of those was that they were given by reason of your fear of being returned to Arkansas and not because of your guilt in the matter. I want to advise you, young man, that I can't accept a plea of guilty unless you are guilty. I will not accept a plea of guilty from you that is entered as a means of escaping trial in Arkansas.

DEFENDANT BAKER: Yes, sir.

THE COURT: The United States Attorney doesn't want you prosecuted or convicted in the federal jurisdiction for a crime you didn't commit, and I am not any more disposed to allow you to plead guilty to a crime you didn't commit. I want a plain and simple statement from you in two respects. One is that before I will accept a plea of guilty, and if it's not true I will not accept it, if you can't make such a statement, I don't want you to make it and I will not accept your plea of guilty. First, I want to know if you are doing this in order to be kept from being sent back to Arkansas.

DEFENDANT BAKER: No, sir, I am not, sir.

THE COURT: And the other is, I want to know if you are guilty.

DEFENDANT BAKER: Sir, I am guilty of the Dyer Act, sir."

Since the record negatives appellant's contention that he was not informed of the consequences of his plea no hearing was required, Putnam v. United States, 10 Cir., 337 F.2d 313, and appellant has been subjected to no manifest injustice. Rule 32(d).

Affirmed.