**David Eugene COX, Appellant**
**(Defendant below),**

v.

**STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 4039.**

Supreme Court of Wyoming.

March 7, 1972.

McCoy, 138 Colo. 137, 330 P.2d 535, 538; 53 Am.Jur. Trial § 626; 88 C.J.S. Trial § 382.

John A. MacPherson, of Brimmer & MacPherson, Rawlins, for appellant.

Clarence A. Brimmer, Atty. Gen., and Wm. L. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

PER CURIAM.

This is an appeal from a post-conviction proceeding under § 7–408.1 et seq., W.S. 1957, 1971 Cum.Supp., filed in Big Horn County, Wyoming, wherein the trial court dismissed appellant's petition.

In his original petition filed pro se appellant raised the contention that he was intoxicated at the time he entered his plea; that his appointed attorney also represented his codefendant; that because of a conflict in interest the attorney advised him to plead guilty; and that relying on this advice he requested his attorney to arrange for the arraignment proceeding as he intended to plead guilty. Further in his petition he recites he had been denied a writ of habeas corpus by the District Court of the Second Judicial District sitting in Rawlins, Wyoming. The State answered and moved to dismiss, attaching copies of the order in the habeas corpus proceeding and the statement of reasons by Judge Armstrong on which he based the dismissal of this habeas corpus proceeding. In the latter the court set out that the transcript of that hearing would disclose that the petitioner would still plead guilty to the charge. In its disposal of this matter the district judge in Big Horn County not only dismissed the appeal but found that the same matter had been submitted to the District Court of the Second District; that the matters of conflict of interest and drunkenness had been considered in the earlier habeas corpus proceeding; and that the appellant had wholly failed to set forth any conflict of interest on the part of his attorney which was prejudicial to him. It is to be noted that in the original petition no attempt was made to set out the nature of this conflict.

The notice of appeal filed pro se specifies only as claimed error that the district court could not have adjudicated him as guilty because he had entered no plea of guilty.

An examination of the transcribed report of the arraignment proceeding makes it clear the trial judge indeed properly determined this appellant made an unequivocal, knowledgeable, and unconditional admission of guilt. Numerous cases have held there is no particular ritual or form which must be followed to comply with a rule like our Rule 15, W.R.Cr.P.[1] Appellant appeared with his appointed attorney at the time of the entry of this plea, at his own behest, and stated he was satisfied with his representation. He acknowledged receiving the information some two weeks prior. The court then advised him of the charge and of the maximum penalty therefor, his right to trial by jury, his right against self-incrimination, his right to secure witnesses and to have them cross-examined, and his right to appeal the conviction there obtained. Then followed these proceedings:

"THE COURT: * * * Mr. McKinney, are your clients ready to enter a plea at this time?

"MR. McKINNEY: They so advised me they are.

"THE COURT: Have them stand.

"You are both aware that you have been charged with car theft, and if you enter a plea of guilty at this time, you could

1. Lupo v. United States, 8 Cir., 435 F.2d 519, 524; Baker v. United States, 10 Cir., 404 F.2d 787, 788–789; Day v. United States, 7 Cir., 357 F.2d 907, 910; Bartlett v. United States, 8 Cir., 354 F.2d 745, 751, certiorari denied 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542.

be sentenced by me right here today, to ten years in the state penitentiary. Do you understand that?

"MR. COX: Yes, sir.

\* \* \* \* \* \*

"THE COURT: David Eugene Cox, how do you plead, guilty or not guilty, to the charge in the information?

"MR. COX: Yes."

If the proceeding had stopped at this juncture this plea would certainly have been equivocal, uncertain, and conditional, and upon which no sentence or further proceedings except a trial could have been had. The trial court proceeded further:

"THE COURT: Let me, before you begin, Mr. Gish, ask these gentlemen if they have been threatened, coerced or induced by anyone in the County Attorney's office, the Sheriff's department or for that matter, anyone else to enter these pleas of guilty? Mr. Cox?

"MR. COX: No, sir.

\* \* \* \* \* \*

"THE COURT: Have you been promised any reward or for that matter anything else to enter and make this plea of guilty? \* \* \* Mr. Cox?

"MR. COX: No, sir.

"THE COURT: Have you done wo [sic] freely and voluntarily and of your own free will?

"MR. COX: Yes, sir.

\* \* \* \* \* \*

"THE COURT: Have the record show the Court will accept the pleas of guilty made by the defendants, and finds that they have done so knowing the nature and consequences of entering a plea of guilty, and they did so of their own free will and voluntarily. You also understand you have waived your right to trial by jury?

\* \* \* \* \* \*

"MR. COX: Yes, sir.

"THE COURT: Fine. The Court will then accept the pleas. \* \* \*"

After it was revealed appellant prior thereto had two felony convictions, there were further proceedings as follows:

"THE COURT: David Eugene Cox and Jack Carlos Keller, would you please stand. Do either one of you have any legal cause to show or anything else to say as to why the judgment of this Court should not be pronounced against you at this time?

"MR. COX: No, sir.

\* \* \* \* \* \*

"THE COURT: Do you have anything else you wish to say in your own behalf or any other witnesses to produce before I sentence you?

"MR. COX: No, sir."

At no time during this proceeding did the appellant suggest that he had not entered a guilty plea, that he had been misunderstood, or that there was any other inference to be placed on his reply to the court. His attorney, who was present, did not object or make any suggestion that the plea was not as the court construed it. It is from this record that appellant would have us rule his plea of guilty was not clear, definite, and unconditional.

It is hard to conceive that any reasonable mind could place any other interpretation or meaning upon this entire proceeding or that this was in any manner not a clear and understandable admission of guilt. We cannot so stultify ourselves by fastening upon the single word "Yes" taken out of context and say that there was a question about appellant's intention and that he had not made a clear and unequivocal admission of guilt and that the trial court had not so assured itself.

The order is affirmed.