**UNITED STATES of America, Plaintiff,**

v.

**Steven Roy BARNES, Defendant.**

**No. CR–80–118–D.**

United States District Court,
W. D. Oklahoma.

Nov. 20, 1980.

---

Larry D. Patton, U. S. Atty. by Teresa Black, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Robert A. Forbes, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On August 4, 1980, Defendant Steven Roy Barnes (hereinafter Defendant) was charged by a three-count Indictment with violating 18 U.S.C. Appendix § 1202(a)(1) and 26 U.S.C. §§ 5861 and 5871. On August 5, 1980, Defendant was provided with court-appointed counsel. Defendant was arraigned on August 7, 1980, and entered a plea of not guilty. On September 15, 1980, this case was called for jury trial and a jury was duly empaneled whereupon Defendant advised the Court that he desired to change his plea. Later the same day, Defendant appeared before the Court with his attorney, withdrew his plea of not guilty and entered a plea of nolo contendere to Count III of the Indictment. In accepting Defendant's plea of nolo contendere the Court complied with Rule 11, Federal Rules of Criminal Procedure. On October 29, 1980, Defendant, with counsel, appeared for sentencing and was sentenced to imprisonment for a term of five years on Count III of the Indictment. Counts I and II of the Indictment were dismissed by the Court. Defendant has now filed herein a *pro se* Motion to Withdraw Plea in which he seeks to withdraw his plea of nolo contendere. Said Motion is made pursuant to Rule 32(d), Federal Rules of Criminal Procedure.

Rule 32(d), *supra*, provides as follows:

(d) Withdrawal of Plea of Guilty. A Motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The "manifest injustice" of which Defendant complains is that he was coerced into changing his plea from not guilty to nolo contendere "because of promises made by the U. S. Attorney to drop criminal charges against his wife in exchange for the plea." Defendant further states that his plea was "not made voluntarily and that he is innocent."

The burden is on Defendant to show that he should be allowed to withdraw his plea. *United States v. Truglio*, 493 F.2d 574 (4th Cir. 1974); *United States v. Webster*, 468 F.2d 769 (9th Cir. 1972), *cert. denied*, 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973). An evidentiary hearing is not required in connection with a Rule 32(d) motion when the movant's allegations merely contradict his earlier Rule 11 statements. *See Hedman v. United States*, 527 F.2d 20 (10th Cir. 1975); *see also Baker v. United States*, 404 F.2d 787 (10th Cir. 1968).

Rule 11, *supra*, requires that no plea of nolo contendere be accepted unless the plea is made voluntarily and is not the result of force or threats or of promises apart from a plea agreement. At his change of plea herein, Defendant admitted all the acts charged in Count III of the Indictment and that his plea was voluntary. The government informed the Court that it intended to dismiss Counts I and II of the Indictment against Defendant and the charges against Defendant's wife, Sandra Gay Barnes, who was also named as a Defendant in Counts II and III of the Indictment herein, upon sentencing of Defendant. Accordingly, the Court entered appropriate dismissal orders on October 29, 1980, when Defendant was sentenced. Defendant's statements in his Rule 32(d) motion now before the Court that his plea was coerced and was not made voluntarily and that he is innocent are merely contradictory to his previous Rule 11 statements to the Court. Therefore, Defendant's Motion to Withdraw Plea should be overruled without an evidentiary hearing as he has shown no manifest injustice as a basis for setting aside his conviction and allowing him to withdraw his plea of nolo contendere.

It is so ordered.