963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas RUTH, Defendant-Appellant.
 No. 91-3249.
 United States Court of Appeals, Tenth Circuit.
 May 14, 1992.
 
 Before JOHN P. MOORE, ALDISERT* and McWILLIAMS, Circuit Judges.
 ORDER AND JUDGMENT**
 RUGGERO J. ALDISERT, Circuit Judge.
 
 
 1
 This appeal is from the district court's denial of defendant's motion to withdraw his guilty pleas pursuant to Rule 32(d), Federal Rules of Criminal Procedure. The court found that there was no basis for the withdrawal of the guilty pleas. We hold that the court did not abuse its discretion in denying defendant's motion to withdraw the pleas. In addition, we hold that at neither the initial sentencing nor the re-sentencing did the court abuse its discretion in finding an adequate factual basis to exist for defendant's firearms charge. We also hold that the court did not err in failing to hold an evidentiary hearing on the issues, and that counsel at the pleading stage was not ineffective. Therefore, we will affirm the judgment of the district court.
 
 I.
 
 2
 Thomas B. Ruth, was indicted on October 18, 1989, for conspiracy to distribute cocaine, distribution of cocaine and using or carrying a firearm during a distribution of cocaine. On November 30, 1989, he pleaded guilty to Count 1 of the indictment, conspiracy to distribute cocaine, and to Count 5, using or carrying a firearm during a distribution of cocaine. Attorney Robert E. Jenkins represented Ruth at the plea hearing and subsequent sentencing hearing on February 26, 1990, at which time Ruth was sentenced to 60 months on Count 1 and five years on Count 5, to run consecutively; a three-year term of supervised release; a fine of $12,000.00; and a special assessment of $100.00.
 
 
 3
 On May 30, 1990, Ruth filed a notice of appeal in the district court, but we dismissed the appeal as untimely filed. He then filed a motion in the district court to vacate, set aside or correct his sentence, alleging that he was denied his Sixth Amendment right to effective assistance of counsel for various reasons.
 
 
 4
 By memorandum and order entered June 10, 1991, the court granted Ruth's motion on the sole ground that defense counsel was ineffective for failing to file a timely notice of appeal. The district court further ordered that he be re-sentenced in order to provide him an opportunity to exercise his appellate rights. The re-sentencing hearing was held on July 10, 1991, at which time he moved to withdraw his guilty plea as to Count 5 only, pursuant to Rule 32(d), Fed.R.Crim.P., on the grounds that he did not understand the consequences of pleading guilty and that the plea was coerced. The court denied the motion and Ruth filed a timely notice of appeal. On appeal, Ruth alleges that: 1) the court abused its discretion in denying his motion to withdraw the guilty plea; 2) at both the original sentencing and at re-sentencing, the court failed to determine that a factual basis existed for the firearms charge; 3) the court failed to hold an evidentiary hearing at the re-sentencing; and 4) he was denied his Sixth Amendment right to effective assistance of counsel when he entered the plea and at the original sentencing.
 
 II.
 
 5
 Ruth contends that at re-sentencing the court improperly denied his motion to withdraw his guilty pleas, because when he entered his pleas, the court failed to comply with Rule 11(c)(1), Fed.R.Crim.P., and because he was not adequately informed of the consequences of pleading guilty. Rule 32(d), Fed.R.Crim.P., provides that a district court may permit withdrawal of a guilty plea upon a showing by the defendant of any fair and just reason. Our review of an order denying a motion to withdraw a guilty plea under Rule 32(d) is for abuse of discretion. United States v. Keiswetter, 860 F.2d 992, 994 (10th Cir.1988); United States v. Kearney, 684 F.2d 709, 711 (10th Cir.1982).
 
 1.
 
 6
 He argues that when he entered his plea on the firearm charge, the court did not comply with Rule 11(c)(1), which requires that the court advise the defendant of the maximum penalty and any mandatory minimum penalty he faces. The district court's compliance with Rule 11 before accepting a guilty plea is primarily a question of law subject to de novo review. United States v. Gomez-Cuevas, 917 F.2d 1521, 1524 (10th Cir.1990).
 
 
 7
 During the Rule 11 plea colloquy, the court mistakenly stated that a five-year term of imprisonment on the firearm charge was the maximum penalty instead of the mandatory penalty. Ruth contends that, had he known the firearms penalty carried a mandatory five-year penalty, he would not have pleaded guilty to the charge.
 
 
 8
 A defendant's guilty plea must be knowing and voluntary. Id. (citing McCarthy v. United States, 394 U.S. 459, 466 (1969)). Rule 11 prescribes procedures designed to ensure that a plea is made knowingly and voluntarily. United States v. Elias, 937 F.2d 1514, 1517 (10th Cir.1991) (citing Gomez-Cuevas, 917 F.2d at 1524-25). Our determination whether a defendant's guilty plea is knowing and voluntary does not consist simply of checking the trial court's incantation of the formula of Rule 11. We review all alleged Rule 11 violations in accordance with the mandate of Rule 11(h), which states that "any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Gomez-Cuevas, 917 F.2d at 1524 n. 2. We have construed the Rule 11(h) language as requiring that a defendant show that knowledge of the omission or variance from Rule 11 "would have changed his decision to plead guilty." United States v. Wright, 930 F.2d 808, 811 (10th Cir.1991) (citing Gomez-Cuevas, 917 F.2d at 1527).
 
 
 9
 The court advised Ruth that he could receive up to forty years on the conspiracy count and up to five years on the firearms charge. Ruth received five years for the conspiracy count and five years for the firearms count. Because, ultimately, Ruth fared no worse than the worst-case scenario portrayed by the court, the court's variance from Rule 11 was not outcome-determinative and was therefore harmless pursuant to Rule 11(h). See Elias, 937 F.2d at 1518; United States v. Barry, 895 F.2d 702, 704 (10th Cir.1990); Evers v. United States, 579 F.2d 71, 72-73 (10th Cir.1978), cert. denied, 440 U.S. 924 (1988). Accordingly, we hold that in this case any variance from the Rule 11 colloquy requirements was harmless error.
 
 2.
 
 10
 Next, appellant appears to argue that the court abused its discretion in denying his motion to withdraw the guilty plea on the conspiracy charge, because he was not adequately informed of the consequences of entering a plea of guilty as distinguished from proceeding to trial. Ruth contends that his counsel at the pleadings stage told him that if he went to trial, the government would recommend a twenty-year sentence on the conspiracy charge, but failed to inform him that under the United States Sentencing Guidelines, the penalty imposed following a guilty plea is substantially the same as the penalty imposed after being found guilty at trial. Accordingly, Ruth contends he was coerced into pleading guilty and received no substantial benefit from his plea.
 
 
 11
 When Ruth entered his plea, the court specifically asked him about the voluntariness of his plea, in accordance with Rule 11(d). He acknowledged that his guilty plea was not the result of force, threat, promises or inducements, and that he was entering the plea freely and voluntarily. Tr. 11/30/89 at 8 (Appellant's Br. at App., Ex. B). Ruth also acknowledged that he was entering the plea solely because he was guilty of the crimes charged and not for any other reason. Id. The court also asked Ruth questions aimed at determining whether his plea was entered knowingly. The court asked Ruth, "You also realize that even though you enter pleas of guilty to these two charges, the Court may still impose the same punishment, just as if you had pleaded not guilty, stood trial and been convicted by a jury?" Id. at 5. Ruth answered, "Yes, your honor." Id. He also acknowledged that he and his counsel had talked about how the sentencing guidelines applied in his case. Id. at 6. In addition, Ruth acknowledged that he was satisfied with his counsel's performance. Id. at 17.
 
 
 12
 The truth and accuracy of Ruth's statements are regarded as conclusive in the absence of a valid, believable reason justifying departure from their apparent truth. United States v. Bambulas, 571 F.2d 525, 526 (10th Cir.1978) (citing Hedman v. United States, 527 F.2d 20, 22 (10th Cir.1975)). The court ultimately determined that Ruth entered his guilty plea freely and voluntarily and that he understood the nature of the charges, his rights and the consequences of his pleas. Tr. at 17. Based upon our examination of the record, we find that the court did not err in the determination. Accordingly, we conclude that he was not coerced into the plea on a theory that his counsel failed to adequately inform him of the consequences of his plea. We conclude that counsel adequately informed him and that the court did not abuse its discretion in denying Ruth's 32(d) motion on re-sentencing.
 
 B.
 
 13
 Ruth next argues that at sentencing and at re-sentencing, the court failed to determine, as required by Rule 11(f), Fed.R.Crim.P., that an adequate factual basis existed for the firearm charge. He argues that, accordingly, his guilty plea was invalid. We review a court's finding of a factual basis for a plea under the abuse of discretion standard. Elias, 937 F.2d at 1517.
 
 
 14
 He contends that the court relied on the government's statement of the facts rather than on a statement from Ruth. However, a district court may ascertain the sufficiency of a factual basis by considering anything in the record, including the petition to enter plea, the plea agreement or the prosecutor's statement. Keiswetter, 860 F.2d at 996. In this case, the sentencing court determined that a factual basis existed by considering the charges from the prosecution's statement of facts as well as from statements proffered by Ruth and his counsel. Ruth admitted that a gun was in the car during the drug transaction. Tr. 11/30/89 at 13. We have held that having a gun present in a car during a drug transaction constitutes "carrying" a firearm during a drug transaction, in violation of 18 U.S.C. § 924(c). United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989). Therefore, we conclude that the court did not abuse its discretion in finding an adequate factual basis existed for the firearms charge and that at re-sentencing, the court properly relied upon that factual basis.
 
 C.
 
 15
 Next, Ruth argues that at re-sentencing, the court erred in denying his motion to withdraw the guilty pleas without holding an evidentiary hearing. No hearing is required, however, if the record demonstrates that a defendant was informed of the consequences of his plea. Baker v. United States, 404 F.2d 787, 790 (10th Cir.1968). As stated in parts A(1) and (2) above, the record discloses that Ruth was informed of the consequences of his pleas. Consequently, the court did not err by failing to hold an evidentiary hearing on re-sentencing.
 
 D.
 
 16
 Ruth next contends that his counsel was ineffective for failing to explain the mandatory nature of the firearms sentence. We review de novo a determination whether an attorney's performance is so deficient that it violates a defendant's right to effective assistance of counsel. Elias, 937 F.2d at 1520. The petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 686, 694 (1984).
 
 
 17
 Several factors indicate that counsel adequately informed Ruth of the mandatory nature of the firearms charge. First, Ruth signed the Petition to Enter Plea of Guilty and Order Entering Plea, which indicated that the conspiracy charge carried a penalty of five to forty years and that the firearms charge carried a penalty of five years. At the plea hearing, Ruth stated that he and counsel had discussed the petition to enter plea. Tr. 11/30/89 at 9. Second, counsel also stated in an affidavit that, before the plea hearing, he fully explained to Ruth that a plea to the firearms charge would carry a five-year mandatory, consecutive sentence. Depo p 3 (Appellant's Br. at App., Ex. A). Third, Ruth and his counsel reviewed the presentence report, which stated that the penalty for the firearms charge was five years, to be served consecutively with any penalty for the drug count. Id. p 6. And finally, at the sentencing hearing, Ruth's counsel explained without objection or comment by Ruth that he and Ruth had "discussed and re-discussed" the guideline range and that there was an additional five-year penalty for the firearms charge. Tr. 2/26/90 at 4-5 (Appellant's Br. at App., Ex. C). Moreover, Ruth stated that he was satisfied with counsel's performance. Tr. 11/30/89 at 17. Following counsel's statements, the court provided Ruth with the opportunity to comment on the whole proceeding, and Ruth merely said, "Your Honor, I know I did wrong, I'm sorry, and it will not happen again." Tr. 2/26/90 at 5. It is clear from the record that plea counsel did in fact discuss the mandatory nature of the firearms penalty. Therefore, counsel's performance did not fall below an objective standard of reasonableness, and no ineffectiveness of counsel is demonstrated.
 
 
 18
 Ruth also alleges that counsel was ineffective for failing to object to or present evidence of Ruth's inability to pay the $12,000 fine. However, Ruth's pre-sentence report stated that Ruth was capable of paying a fine in the range of $5,000.00 to $15,000.00 based on his net worth, employment history and prospects. Counsel stated in his affidavit that he discussed the imposition of a fine with Ruth and that Ruth was concerned about paying the fine while he was in prison. Counsel stated that he assured Ruth that he would not have to pay until after he completed his prison sentence. Depo p 6. Given the foregoing, it is clear that Ruth read the pre-sentence report but failed to voice to counsel any concerns about his general inability to pay. Ruth also failed to voice any concerns about the fine at the sentencing hearing. Thus, there is no indication that counsel's performance fell below an objective standard of reasonableness.
 
 III.
 
 19
 We will affirm the re-sentencing court's denial of defendant's motion to withdraw his guilty pleas. We also hold that at the initial sentencing and at resentencing, the court did not abuse its discretion in finding an adequate factual basis for defendant's plea. We hold that the court did not err in failing to hold an evidentiary hearing on the issues at re-sentencing. Finally, we conclude that counsel was not ineffective. The decision of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has not precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3