**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FARIS LEE CARTER, also known as
Eric Small, also known as "Dirty,"

Defendant-Appellant.

No. 03-1208
(D.C. No. 01-CR-23-Z)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge**, McWILLIAMS**, Senior Circuit Judge, and **McKAY**, Senior Circuit Judge.[**]

Based on an encounter with the Denver Police Department occurring on October 28, 2000, Faris Lee Carter ("defendant") was charged by indictment on January 24, 2001,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Neither party requested oral argument. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

with possession with an intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). A second count in the indictment sought a forfeiture under 21 U.S.C. § 853. The defendant was arraigned on February 26, 2001, at which time he pled not guilty, and an attorney was appointed to represent him. That attorney filed a motion to suppress. On March 22, 2001, appointed counsel was permitted to withdraw. The court then appointed another attorney, who represented the defendant at the hearing on his motion to suppress. After hearing, that motion was denied on April 30, 2001, and the case was set for trial. An information charging the defendant with an enhanced penalty due to prior drug convictions was thereafter filed on June 22, 2001, pursuant to 21 U.S.C. § 851. On June 27, 2001, the defendant requested that his most recently appointed counsel withdraw, which the court allowed, and the court then appointed a new attorney, referred to as "L. W.," who thereafter represented defendant.

On June 11, 2002, on the day the case was set for trial, after defendant had been granted four or five continuances of his trial date, the defendant, through his most recently appointed counsel, L. W., entered into a plea agreement with the government wherein defendant agreed, *inter alia,* to plead guilty to Count 1 in the indictment. The defendant further acknowledged his supervised release violation in a prior criminal matter and agreed to a revocation of his supervised release in that case. The government agreed, *inter alia,* to a dismissal of the information charging an enhanced penalty.

On June 11, 2002, after a hearing, the district court accepted defendant's plea of

guilty pursuant to the plea agreement and reset the matter for sentencing. At that hearing, the court questioned defendant, at length, in order to determine whether the defendant's proposed change of plea was "knowing and voluntary." On June 27, 2002, the defendant wrote the court a letter asking to withdraw his plea of guilty and later filed a pro se motion to withdraw his plea of guilty and to appoint new counsel. On August 1, 2002, the district court denied defendant's motions to withdraw his plea of guilty. On September 16, 2002, the district court permitted L.W. to withdraw from the case, and new counsel ("A.J") was appointed. On October 3, 2002, defendant filed another motion to withdraw his guilty plea, which was denied on October 7, 2002. On December 9, 2002, defendant requested, by letter, the appointment of new counsel, which request was denied on December 12, 2002. On April 15, 2003, defendant, through A. J., filed a rather prolix motion to withdraw his guilty plea, supported by defendant's affidavit, which motion was denied by the court on April 24, 2003. In that motion to withdraw his plea of guilty, A.J. suggested, *inter alia*, that, at the hearing on defendant's motion to change his plea to one of guilty, L.W. had not provided the defendant with "assistance of counsel" as required by the Sixth Amendment.[1] On May 2, 2003, the defendant was sentenced to 120 months imprisonment to run concurrently with a 12 month sentence on his prior conviction on a

---

[1]Counsel and the defendant suggest in that motion that L.W., who represented the defendant at the hearing when he was allowed by the court to change his plea from not guilty to guilty, was having "personal problems" and that she did not give "full attention" to his case.

drug offense.[2]  Defendant appeals and is represented on appeal by still another attorney.

Federal Rules of Criminal Procedure 11(d) reads as follows:

> (d) Withdrawing a Guilty or Nolo Contendere Plea.  A
> defendant may withdraw a plea of guilty or nolo contendere:
>> (1) before the court accepts the plea, for any reason or
>> no reason; or
>> (2) after the court accepts the plea, but before it
>> imposes sentence if:
>>> (A) the court rejects a plea
>>> agreement under Rule 11(c)(5); or
>>> (B) the defendant can show a fair
>>> and just reason for requesting the
>>> withdrawal.

In the instant case, defendant does not ask that we reverse any of the district court's orders denying his several motions to withdraw his plea of guilty.  He only asks that we remand the case to the district court and direct it to hold a hearing on his motions to withdraw his plea of guilty.  In the district court, there was never a request for a hearing on defendant's motions to withdraw his plea of guilty.[3]  So, as the parties agree, we must review the present record and determine whether the district court committed "plain error" by not, *sua sponte,* conducting an evidentiary hearing into the question as to whether the defendant's plea of guilty was knowingly and voluntarily made.  We

---

[2] At sentencing, defendant was allowed to speak at length as to why he should be allowed to withdraw his guilty plea and the district court again denied his request.

[3] In his brief, counsel concedes that when asked by the court at his change of plea hearing, the Defendant indicated that he was quite satisfied with the services of his counsel, L.W.  Counsel also concedes that the defendant received a "substantial benefit by entry of his plea" and also that the record as it currently exists is insufficient to establish ineffective assistance of counsel.

conclude that under the described circumstances, the district court did not err in failing to

hold, *sua sponte,* such a hearing.

In *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2nd Cir. 1992) that court spoke

as follows:

> A defendant is not entitled to an evidentiary hearing as
> a matter of right whenever he seeks to withdraw his guilty
> plea. Although the standard to be applied in granting a
> hearing is less rigorous than the standard for granting the
> motion to withdraw the plea, *United States v. Fountain,* 777
> F.2d 351, 358 & n. 3 (7th Cir. 1985), *cert. denied,* 475 U.S.
> 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986), the defendant
> must present some significant questions concerning the
> voluntariness or general validity of the plea to justify an
> evidentiary hearing. *Id.* at 358 n. 3. No hearing need be
> granted when the allegations on a motion to withdraw a guilty
> plea before sentencing merely contradict the record, are
> inherently incredible, or are simply conclusory. *United States
> v. Crooker,* 729 F.2d 889, 890 (1st. Cir. 1984); *see also
> Fountain,* 777 F.2d at 358; *United States v. Barnes,* 504
> F.Supp. 330, 332 (W.D.Okla. 1980).

In the same vein, *see also Baker v. United States,* 404 F.2d 787, 790 (10th Cir.

1968) (a hearing is not required if the record shows that the defendant was informed of

the consequences of his plea); *Putnam v. United States,* 337 F.2d 313, 315 (10th Cir.

1964) (a hearing is not required where the motion and the files and records conclusively

show that the prisoner is entitled to no relief).

Both parties cite *United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993). In

*Gordon*, we recognized the general rule that "we will not resolve an ineffective

assistance of counsel claim on direct appeal when the claim has not been raised before the

district court."[4]  In *Gordon*, as in the instant case, ineffective assistance of counsel was mentioned in the district court.  In *Gordon*, notwithstanding our recognition of the general rule, we elected to dispose of the ineffective assistance of counsel issue on direct appeal. In the instant case, however, there is no request that we resolve the ineffective assistance of counsel issue and we decline to do so, *sua sponte*, so to speak.  Indeed, in this regard, as previously stated, counsel concedes that the present record does <u>not</u> show "ineffective assistance of counsel."  Hence, we resolve this appeal on the only issue presented to us, i.e., whether the district court committed "plain error" in not holding an evidentiary hearing on defendant's motions to withdraw his plea of guilty,  when no hearing had been requested.[5]    Our examination of the present record leads us to conclude that the district court, on that record, was not "compelled," *sua sponte*, to hold a hearing on Defendant's several motions to withdraw his plea of guilty.  Had Carter asked for a hearing on his motion to withdraw his plea, a district court's decision not to hold an evidentiary hearing would be reviewed for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 270 (5th Cir. 2003).  In short, we find no abuse of discretion here.

---

[4] In *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995), we stated that "The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255."

[5]Arguably, the defendant was afforded a "hearing," though not an "evidentiary hearing," when at his sentencing hearing, but before actual sentencing, he spoke at length in support of his latest motion to withdraw his plea of guilty (he had filed four or five prior motions to withdraw his guilty plea).

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge