**UNITED STATES COURT OF APPEALS**

**May 7, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACINTO E. HERNANDEZ,

    Defendant - Appellant.

No. 07-3166
(D.C. No. 04-CR-20115-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Jacinto E. Hernandez appeals from the district court's denial of his motion to withdraw his guilty plea. Mr. Hernandez contends that his plea, entered without a plea agreement, was coerced by the government, resulting in an involuntary plea violative of his constitutional rights. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

Mr. Hernandez was charged in a multi-count and multi-defendant indictment alleging drug trafficking. He pled guilty, without a plea agreement, to one count of conspiracy to distribute more than 1,000 kilograms of marijuana and more than five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(vii) and 846 (count 1); three counts of distribution of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C) (counts 5, 6, 7); one count of distribution of marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(B) (count 8); and one count of use of a communication facility to facilitate a drug trafficking crime, 21 U.S.C. § 843(b) (count 9). He was subsequently sentenced to a total term of 288 months' imprisonment followed by five years' supervised release. He also agreed to the forfeiture of real and personal property and to a $14,534,099 money judgment jointly and severally with his co-defendants, representing proceeds of a drug conspiracy. Although there was no plea agreement, the government agreed not to seek forfeiture of Mr. Hernandez's interest in the house he owned with his wife, Maria Hernandez. Mrs. Hernandez, one of Mr. Hernandez's co-defendants, had been charged in counts 1 and 9.

Approximately five and one-half months after he pled guilty, but prior to sentencing, Mr. Hernandez filed a pro se motion to withdraw his guilty plea, stating that the only reason he pled guilty was because the government threatened to put his wife in prison and seize his assets. The brief supporting Mr.

Hernandez's motion argued that (1) government agents told Mr. Hernandez's co-defendants that Mr. Hernandez was cooperating with the government, which resulted in his family receiving threats, (2) he only pled guilty out of concern for the safety of his family, (3) he received assurances from the government that his family home would not be forfeited if he pled guilty, and (4) all of this amounted to a "package deal" that resulted in a coerced plea.

The district court denied Mr. Hernandez's motion. The court concluded that Mr. Hernandez's guilty plea was knowing and voluntary and that Mr. Hernandez did not meet his burden of showing that he was entitled to withdraw his guilty plea. Following the entry of final judgment, Mr. Hernandez timely filed this appeal.

## Discussion

On appeal, Mr. Hernandez argues that the district court erred by denying his motion to withdraw his guilty plea. A defendant may withdraw a plea of guilty after the court accepts the plea but before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant has the burden of proving a "fair and just reason." United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007). To determine whether the defendant has met this burden, we consider seven factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the

government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." Id. We review de novo whether the plea was knowing and voluntary but review the denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Black, 201 F.3d 1296, 1300 (10th Cir. 2000). We do not reverse the district court's denial of a motion to withdraw a guilty plea "unless the defendant can show that the court acted unjustly or unfairly." Hamilton, 510 F.3d at 1213-14 (quotations omitted).

Mr. Hernandez argues that these factors, save for his assistance of counsel, weighed in favor of granting his motion to withdraw his guilty plea. We disagree and hold that the district court did not abuse its discretion in denying the motion. In particular, even if Mr. Hernandez asserted his innocence, Mr. Hernandez delayed filing his motion some five and one-half months and the evidence of his guilt is overwhelming. In light of these facts, coupled with the complexity of his case, granting Mr. Hernandez's motion would likely prejudice the government by forcing it to repeat much of its trial preparation, substantially inconvenience the court, and waste judicial resources. See United States v. Siedlik, 231 F.3d 744, 749-50 (10th Cir. 2000); United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999); United States v. Carr, 80 F.3d 413, 420-21 (10th Cir. 1996).

In addition, nothing in the record shows that Mr. Hernandez's guilty plea was anything but knowing and voluntary. See Hill v. Lockhart, 474 U.S. 52, 56

(1985); Brady v. United States, 397 U.S. 742, 755-56 (1970). To the contrary, during Mr. Hernandez's plea colloquy, he stated that he had received no threats or inducements for him to plead guilty and that his plea was knowing and voluntary. No specific evidence in the record supports his allegations that his plea was coerced by the government.

Mr. Hernandez contends that the district court should have, sua sponte, conducted an evidentiary hearing. We review the district court's decision not to conduct an evidentiary hearing sua sponte for plain error, Fed. R. Crim. P. 52(b); United States v. Dowell, 430 F.3d 1100, 1106 (10th Cir. 2005); United States v. Carter, 109 F. App'x 296, 299 (10th Cir. 2004) (unpublished), and here we find none. Mr. Hernandez argues that an evidentiary hearing was necessary to determine whether a package deal was made, the extent to which the government could have prosecuted him and his wife, and whether his guilty plea was based on threats of reprisal for cooperating with the government. The facts alleged by Mr. Hernandez concerning a package deal certainly do not amount to improper coercion; he and his wife were indicted (indicative of probable cause) and there simply is no evidence that the government told others that he was cooperating. See United States v. Fountain, 777 F.2d 351, 358 (7th Cir. 1985) (evidentiary hearing not required in all circumstances); see also Carter, 109 F. App'x at 299 ("No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently

- 5 -

incredible, or are simply conclusory.") (citation and internal quotation omitted). The record demonstrates that Mr. Hernandez was informed of the consequences of his plea.  See Baker v. United States, 404 F.2d 787, 790 (10th Cir. 1968).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge