F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY L. MATHEWS,

Petitioner - Appellant,

v.

DAVID McKUNE, Warden, Lansing
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

Respondents - Appellees.

No. 04-3220

(D.C. No. 02-CV-3286-JTM)

(D. Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Applicant Gary L. Mathews was convicted of aggravated kidnapping in

Kansas state court. The Court of Appeals of Kansas affirmed his conviction on

direct appeal. Applicant filed a postconviction motion in state court under K.S.A.

60-1507, alleging ineffective assistance of counsel. The state district court

denied the motion and the Kansas Court of Appeals affirmed the denial. *State v.*

*Mathews*, 40 P.3d 342 (Kan. Ct. App. 2002).

Applicant then filed an application for a writ of habeas corpus under 28

U.S.C. § 2254 in the United States District Court for the District of Kansas,

raising similar ineffective-assistance-of-counsel claims. Applicant also raised a

sentencing issue before the federal district court, claiming that his sentence was improperly enhanced based on a criminal history that was not supported by the record. The district court denied the petition and denied a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"). We deny the application for a COA and dismiss the appeal.

The opinion of the state district court in the proceeding under K.S.A. 60-1507 recited the following facts: The victim testified to having been abducted off the street, forced into an apartment, choked, beaten, and forcibly raped by Applicant. She did not know Applicant, but identified him in a lineup. The police investigation and medical examination, showing bruising on her face and body, confirmed that she had suffered recent trauma. In addition, DNA evidence indicated that semen samples from the victim's clothes were that of Applicant. After his arrest Applicant submitted a written statement, in which he denied knowing or having any physical contact with the victim. The prosecution introduced this statement at trial. On advice of counsel, Applicant did not testify. His trial counsel presented expert testimony challenging the prosecution's DNA

evidence. The jury deadlocked on the rape charge but convicted Applicant of aggravated kidnapping.

Applicant's brief in support of his request for a COA claims ineffective assistance of counsel on the following grounds: (1) failure of counsel to advise Applicant that he had the right to testify, (2) failure of counsel to present a defense to the aggravated-kidnapping charge, (3) failure to interview or call two witnesses, and (4) failure to request a jury instruction on the lesser-included charge of battery. In his motion for a COA he briefly asserts that his sentence was improperly enhanced based on prior criminal history; but he does not brief the issue, so it has been abandoned. *See Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992), *modified on other grounds on reh'g,* 995 F.2d 992 (10th Cir. 1993) (an issue mentioned in brief but not addressed is waived).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he [applicant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the

claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

In addition, AEDPA establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court, "we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). Furthermore, our concern is only whether the state court's result, not its rationale, is clearly contrary to or unreasonable under federal law. *Id.* at 1176.

In evaluating Applicant's ineffective-assistance-of-counsel claims, the state district court, after conducting an evidentiary hearing, applied the standard announced in *Chamberlain v. State*, 694 P.2d 468 (Kan. 1985) (adopting the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), which requires

a showing that the defense attorney provided deficient performance that prejudiced the defense. Applicant agrees that this is the proper legal standard.

The state court first rejected Applicant's argument that his trial counsel was ineffective in failing to advise him of his right to testify in his own defense. The court pointed out that trial counsel testified that although he had no independent recollection of advising Applicant of his right to testify, he routinely does so in all his cases. The court also noted counsel's extensive experience in the practice of criminal law.

As for Applicant's claim that his trial counsel was deficient in not presenting a defense to the aggravated-kidnapping charge, the state court concluded that counsel pursued a valid trial strategy. Counsel "believed that if he were . . . able to defeat the rape charge the jury most probably would find in favor of the [Applicant] on the closely related aggravated kidnapping charge. . . ." *Mathews v. State*, No. 99-C-3300, at 3 (Dist. Ct. of Wyandotte County, Kan., Feb. 1, 2001) (Journal Entry) (unpublished). Counsel therefore focused on refuting the state's DNA evidence. Doing so obviously would damage the victim's credibility.

With regard to the failure to call two witnesses, the state court determined that neither witness would have been helpful to Applicant's case. One testified at the hearing, and his version of the events on the night of the kidnapping was

directly contrary to Applicant's statement to the police. The second witness was Applicant's girlfriend, who would have testified that she went to the apartment where the kidnapping occurred and did not see or hear anything at around the time the attack took place. The state district court expressed the view that her testifying would not have helped Applicant, and Applicant himself concedes that this testimony alone would not have changed the outcome of the trial.

Finally, the state court found no merit in Applicant's argument that counsel was deficient in failing to request a jury instruction for misdemeanor battery as a lesser-included crime. The court noted that battery is not a lesser-included offense of aggravated kidnapping, and even if it were, "if the jury found that in fact the petitioner had beaten the victim, they certainly would have further found that this was done to facilitate the crime of rape which was the basis of the aggravated kidnapping charge." *Id.* at 4.

In assessing the overall merit of the ineffective-assistance-of-counsel claims, the state court held that Applicant's trial counsel was not deficient under *Chamberlain.* In our review of the state-court decision, we find nothing "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law." 28 U.S.C. 2254(d)(1). Nor has Applicant demonstrated that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). Indeed,

no reasonable jurist could determine otherwise. *See Dockins v. Hines*, 374 F.3d 935, 937-38 (10th Cir. 2004) (standard of review for COA). We therefore DENY Applicant's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge