**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. THOMAS,

       Plaintiff-Appellant,

v.

KATRYNA FRECH, Health Services
Administrator; DAVID PARKER,
Warden; JEFF TROUTT, Doctor,
JCCC; GENESE MCCOY, Medical
Services Administrator; BILL
MYERS, Security Captain; TRAVER
DEWEESE, Security Officer; SANDY
CLEPPER, Nurse, JCCC; AMBER
CHESTER, Nurse, JCCC; BECKY
GUFFY, Warden's Assistant;
WILLIAM IRVIN, Security
Lieutenant; JO GWINN, Unit
Manager; ROBERT DENTON, Chief
of Security; RODNEY REDMAN,
Deputy Warden; ALLEN SHAW,
Security Officer; DON FRECH,
Security Lieutenant; RON
ANDERSON, Assistant General
Counsel,

       Defendants-Appellees,

and

ROY ARIAN, Physician's Assistant;
ROBIN LNU, Nurse, JCCC; JANET
DOWLING, Deputy Warden; SUSIE
SALINAS, Disciplinary Officer;
CHANCE CELL, Nurse; SHARON

No. 10-6058
(D.C. No. 5:08-CV-01338-W)
(W.D. Okla.)

LNU, Nurse; FELICIA HARRIS, Law
Librarian; DENAYE PRIGMORE,
Case Manager,

        Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

---

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff

Jerry L. Thomas, an Oklahoma state prisoner appearing pro se, appeals from the

order and related judgment entered by the district court granting summary

judgment in favor of sixteen of the above-named defendants on Counts I, III, IV,

VI, X, XII, and IX in his amended complaint.[1]  Having determined that this

appeal is frivolous, we deny Mr. Thomas's motion to proceed on appeal without

prepayment of costs and fees and dismiss this appeal pursuant to 28 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    In a prior order, the district court dismissed Counts II, VII, VIII, IX, XIII,
XV, XVI, XVII, and XX in Mr. Thomas's amended complaint for failure to state
a claim.  Mr. Thomas is not appealing the dismissal of those counts.

§ 1915(e)(2)(B)(i). Further, Mr. Thomas is assessed a strike under § 1915(g).

Mr. Thomas's claims under the Eighth and Fourteenth Amendments and the background of this case are thoroughly set forth in: (1) the forty-three page supplemental report and recommendation that the magistrate judge entered on October 26, 2009, *see* R., Doc. 61; and (2) the thirty-four page order that the district court entered on February 18, 2010, *id.*, Doc. 63. Because we have concluded that summary judgment was properly entered in favor of defendants on the above-referenced counts for substantially the same reasons stated in the district court's order and the magistrate judge's report and recommendation, we will not restate those reasons here. Based on our review of the appellate record, however, we add the following to the district court's analysis.

First, we note that Mr. Thomas's opening brief contains no substantive arguments pertaining to Counts IV and VI in his amended complaint. Instead, Mr. Thomas has attached to his opening brief the summary judgment response brief and supporting affidavits that he filed in the district court, and he is apparently attempting to incorporate the arguments set forth therein pertaining to Counts IV and VI by reference. This court has expressly disapproved of this practice because Fed. R. App. P. 28 requires the appellant to set out arguments supported by authorities in his appellate brief. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998) (discussing what is now Fed. R. App. P. 28(a)(9) and holding that "we adhere to our rule that

arguments not set forth fully in the opening brief are waived"); *Wardell v. Duncan*, 470 F.3d 954, 963-64 (10th Cir. 2006) (applying *Gaines-Tabb* and holding that it is not acceptable legal argument to incorporate district court pleadings into an appellate brief by reference and that a plaintiff's "pro se status does not except him from such established rules"); 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court . . . briefs or pleadings is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a) and (b)."). Accordingly, we conclude that Mr. Thomas has waived the claims set forth in Counts IV and VI of his amended complaint.

Second, with regard to Counts I, III, XII, and XIV in Mr. Thomas's amended complaint, we agree with the district court that Mr. Thomas has failed to demonstrate that there are any genuine issues of material fact concerning his "arguments that the defendants prevented him from exhausting his administrative remedies or that the defendants impeded his ability to timely submit his grievances and hampered his efforts to exhaust as well as Thomas'[s] arguments that 'special circumstances' were created that excused exhaustion." R., Doc. 63 at 30. Because our analysis of the exhaustion issues differs slightly from that employed by the district and magistrate judges, however, we specifically note the following with regard to the exhaustion issues related to these counts:

• **Count I**:

    **Grievance JCCC-08-89**: The summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to complete step four of the governing prison administrative grievance procedure for this grievance because he failed to file a final appeal with the administrative review authority or chief medical officer, *see* R., Doc. 47, Att. 2-b at 9-11, and there is no evidence showing that any of the defendants impeded such an appeal.

• **Count III**:

    **Grievance JCCC-08-96**: Although Mr. Thomas claims that prison officials failed to respond to the "Request to Staff" that he submitted for this grievance at step two of the grievance procedure, the summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to wait thirty calender days before filing a grievance at step three of the grievance procedure, as required by the governing prison operations policy in such a situation. *See* R., Doc. 47, Att. 2-e at 23-24; Doc. 61 at 26. As a result, Mr. Thomas's step-three appeal was properly returned "unanswered" because "[n]o staff response [was] affixed to the 'Request to Staff.'" *Id.*, Doc. 47, Att. 2-e at 22. Further, Mr. Thomas's subsequent step-four appeal was likewise properly returned "unanswered" because: (1) "[n]o staff response, signature or date [was] affixed to the 'Request to Staff' form"; and (2) "[a] completed [step-three] 'Grievance Response from Reviewing Authority' report was not submitted." *Id.*, Att. 2-d at 18.

    **Grievance JCCC-08-101**: Although Mr. Thomas claims that prison officials failed to respond to the "Request to Staff" that he submitted for this grievance at step two of the grievance procedure, the summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to wait thirty calender days before filing a grievance at step three of the grievance procedure, as required by the governing prison operations policy in such a situation. *See* R., Doc. 47, Att. 2-h at 45-46; Doc. 61 at 26. As a result, Mr. Thomas's step-three appeal was properly returned "unanswered" because "[n]o staff response [was] affixed to the 'Request to Staff.'" *Id.*, Doc. 47, Att. 2-h at 44. Further, Mr. Thomas's subsequent step-four appeal was likewise properly returned "unanswered" because "[a] completed [step-three] 'Grievance Response from Reviewing Authority' report was not submitted." *Id.* at 43.

- **Count XII**:

    **Grievance JCCC-08-113**:  The summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to complete step four of the governing prison administrative grievance procedure for this grievance because he failed to file a final appeal with the administrative review authority, *see* R., Doc. 47, Att. 6-c at 12-15, and there is no evidence showing that any of the defendants impeded such an appeal.

    **Request to Staff dated 11/25/08**:  The summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to complete steps three and four of the governing prison administrative grievance procedure for this grievance, *see* R., Doc. 47, Att. 5 at 2-3, and there is no evidence showing that any of the defendants impeded Mr. Thomas from completing those steps.

    **"Sensitive Grievance" JCCC-08-2620**:  The summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to complete the standard prison grievance process for this grievance after it was returned unanswered by the administrative review authority at step four because it was "[n]ot of a sensitive/emergency nature," R., Doc. 47, Att. 6-a at 4, and there is no evidence showing that any of the defendants impeded Mr. Thomas from completing the standard grievance process.

    **Grievance JCCC 08-111**:  The summary judgment record before the district court shows that it is undisputed that Mr. Thomas failed to complete step four of the governing prison administrative grievance procedure for this grievance because he failed to file a final appeal with the administrative review authority, *see* R., Doc. 47, Att. 6-b at 7-10, and there is no evidence showing that any of the defendants impeded such an appeal.

- **Count XIV**:  Mr. Thomas has admitted that he did not exhaust his administrative remedies with regard to the claim in this count, *see* R., Doc. 58, Att. 1 at 21, ¶ 9, and the magistrate judge correctly determined that the "Affidavit" attached to Mr. Thomas's summary judgment response brief failed to raise a genuine issue of material fact concerning the availability of the prison administrative grievance procedure to exhaust the claim in this count, *id.*, Doc. 61 at 34-36.

Third, with regard to Count X in Mr. Thomas's amended complaint, although it is undisputed that Mr. Thomas fully exhausted all available prison administrative remedies as to this count, *see* R. Doc. 63 at 7-8, 31, we agree with the district court that Mr. Thomas's allegations fall short of establishing an Eighth Amendment violation because, at best, he has only shown a difference of opinion between himself and the prison's medical staff concerning his medical treatment, *id.* at 32-33.

Finally, Mr. Thomas claims the district court erred by failing to grant him a continuance under Fed. R. Civ. P. 56(f) so that he could conduct discovery and adequately respond to defendants' motion for summary judgment. We see no abuse of discretion by the district court. *See Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) ("We review the denial of a Rule 56(f) motion for an abuse of discretion."). Although the magistrate judge did not grant Mr. Thomas a formal continuance under Rule 56(f) to conduct discovery, the magistrate judge did grant him two extensions of time to file a response to defendants' summary judgment motion. *See* R., Docs. 49, 50, 54, 55. And, after the grant of the first extension of time, Mr. Thomas served discovery requests on defendants. However, because Mr. Thomas's discovery requests were extremely oppressive and unduly burdensome (he served six sets of requests for admission and nine sets of interrogatories and requests for production of documents, for a total of sixty-six pages of discovery requests; *see* R., Doc. 52, Atts. 1-15), the magistrate judge

-7-

granted defendants' motion to stay discovery under Fed. R. Civ. P. 26(c) and stayed discovery pending a ruling on defendants' motion for summary judgment. *See* R., Doc. 53 at 1-2. In granting the motion for a stay, the magistrate judge apparently agreed with defendants that "the discover[y] requests submitted by Plaintiff seek to harass the Defendants, are not addressed at the issues presented in the pending dispositive motion, and seek legal conclusions. Simply put, the responses to Plaintiff's discovery requests cannot possibly assist him in his response to the pending dispositive motion." R., Doc. 52 at 4.

At this point, we cannot conclude that the magistrate judge abused his discretion in staying discovery and denying Mr. Thomas's requests for a continuance under Fed. R. Civ. P. 56(f). In his opening brief, while Mr. Thomas complains that the magistrate judge did not permit him to file a response to defendants' motion for a stay and failed to liberally construe his Rule 56(f) requests, *see* Aplt. Br. at 11-12, Mr. Thomas has not identified a single probable fact in his brief that he could have discovered from defendants that would have rebutted their motion for summary judgment with regard to the exhaustion issues or the medical/deliberate indifference claim in Count X, *id.* at 11-14. Mr. Thomas has therefore failed to make the showing required for relief under Rule 56(f). *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) ("A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary

judgment motion.") (quotations omitted); *Trask*, 446 F.3d at 1042 ("A party seeking to defer a ruling on summary judgment under Rule 56(f) must . . . identify[] the probable facts not available and what steps have been taken to obtain these facts.) (quotation omitted).

This appeal is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and Mr. Thomas is assessed a strike under § 1915(g). Mr. Thomas's motion to proceed on appeal without prepayment of costs or fees is **DENIED**, and he is directed to pay the full appellate filing fee. The order filed by the court on April 19, 2010, directing partial payments is **VACATED**.

Entered for the Court

John C. Porfilio
Senior Circuit Judge