FILED
United States Court of Appeals
Tenth Circuit

December 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JACINTO HERNANDEZ,

Defendant-Appellant.

No. 10-3197
(D.C. Nos. 2:09-CV-02418-JWL;
2:04-CR-20115-JWL-JPO-2)
(D. Kan.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Jacinto Hernandez, a federal prisoner proceeding pro se,[1] appeals from the

district court's denial of his motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. The district court denied Mr. Hernandez's application

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Hernandez is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

for a certificate of appealability ("COA"), and he now seeks a COA from this court. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Hernandez's application for a COA and **DISMISS** his appeal.

## BACKGROUND

In 2006, Mr. Hernandez pleaded guilty to numerous drug charges arising out of a drug-trafficking scheme, including one count of conspiracy to distribute more than 1000 kilograms of marijuana and more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(vii), and 846; three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and one count of use of a communication facility to facilitate a drug-trafficking crime in violation of 21 U.S.C. § 843(b). Prior to sentencing, Mr. Hernandez filed a motion to withdraw his guilty plea, which the district court denied. He was subsequently sentenced to 288 months' imprisonment followed by five years of supervised release. On appeal, the Tenth Circuit held that the district court did not abuse its discretion in denying the motion to withdraw the plea, and therefore affirmed the conviction and sentence. *United States v. Hernandez*, 277 F. App'x 775, 777 (10th Cir. 2008).

Mr. Hernandez then filed a § 2255 motion with the district court. In his motion and subsequent filings pertaining to the motion, Mr. Hernandez asserted several ineffective-assistance-of-counsel claims relating to the two court-

2

appointed attorneys that represented him before the district court, as well as

claims asserting errors committed by the district court.[2]  The district

court—without conducting an evidentiary hearing on his claims—denied Mr.

Hernandez's § 2255 motion, finding that his claims either were without merit or

were procedurally barred.  In the same order, the district court also denied Mr.

Hernandez's application for a COA, concluding that he had not made a substantial

showing of the denial of a constitutional right.

Mr. Hernandez now seeks a COA from this court, which would enable him

to appeal from the district court's denial of his § 2255 motion, and also

challenges the district court's denial of his request for an evidentiary hearing in

connection with his § 2255 motion.  With this court, Mr. Hernandez filed a four-

page application for a COA, but did not file a separate opening brief in support of

---

[2]  Specifically, as characterized by the district court, Mr. Hernandez claimed that his attorneys were ineffective for: (1) failing to inform him about the statutory elements of, and mandatory minimum sentences for, his crimes; (2) failing to pursue the "safety valve" exception under 18 U.S.C. § 3553(f) during sentencing; (3) advising him to plead guilty despite his contention that he was coerced into committing the crimes; (4) failing to raise the preceding three claims on direct appeal; and (5) failing to provide effective assistance of counsel in general ("per se ineffective assistance").  *See* R. at 273–80 (Dist. Ct. Mem. and Order, dated June 11, 2010).  Mr. Hernandez also claimed that the court erred by: (6) knowingly appointing and maintaining counsel that it knew to be deficient; (7) denying his requests to remove both of his appointed attorneys; and (8) denying his motion to withdraw his guilty plea.  *See id.* at 280–84.  Lastly, in his supplemental memorandum filed in support of his § 2255 motion, Mr. Hernandez asserted several other ineffective-assistance claims regarding one of his appointed attorneys.  *See id.* at 284.

3

his desired appeal from the district court's denial of his § 2255 motion.[3]  In the application, Mr. Hernandez states that he "incorporates by . . . reference as though fully set forth hereat [sic], each and every allegation set forth in all prior filings in this matter," and he attached to his application two of those filings. Aplt. Application for COA at 2.

## DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion.  28 U.S.C. § 2253(c)(1)(B); *accord Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Zavaras*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further."  *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El*, 537 U.S. at 327) (internal quotation marks omitted); *see also Zavaras*, 568 F.3d at 1199 (stating that "an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

[3]  The Tenth Circuit Court Clerk's office construed his COA application as also being his opening brief on appeal.

4

that the issues presented were adequate to deserve encouragement to proceed further.'" (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In other words, in order to obtain a COA, the petitioner must show that the district court's resolution of the constitutional claims was either "debatable or wrong." *Slack*, 529 U.S. at 484.

In assessing whether to grant a COA, the "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 336) (internal quotation marks omitted). Although an applicant "is not required to prove the merits of his case, he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith' on his part." *Id.* (quoting *Miller-El*, 537 U.S. at 338).

In this instance, Mr. Hernandez has failed to make a substantial showing of the denial of a constitutional right and, therefore, we deny his request for a COA and dismiss his appeal. In his COA application, Mr. Hernandez does not specifically discuss the district court's resolution of any of his habeas claims, much less explain how reasonable jurists could debate the correctness of that resolution.[4] Accordingly, we deem Mr. Hernandez's challenge to the district

---

[4] Instead, in a single page of argument, Mr. Hernandez merely asserts that (1) the district court applied the incorrect standard in denying his COA application; (2) the district court erred in denying his request for an evidentiary hearing because he "raises numerous cognizable claims, the allegations . . . are

(continued...)

5

court's resolution of his claims to be waived. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding that the appellant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal"); *see also Thomas v. Frech*, No. 10-6058, 2010 WL 3965899, at *1 (10th Cir. Oct. 12, 2010) (holding that the appellant had waived claims raised on appeal because his "opening brief contain[ed] no substantive arguments pertaining to [those claims]," and the court would not permit him to "incorporate the arguments set forth" in his filings with the district court); *Mathews v. McKune*, 133 F. App'x 512, 514 (10th Cir. 2005) (concluding that the appellant's claim on appeal had been "abandoned" because although "his motion for a COA . . . briefly assert[ed]" the claim, "he d[id] not brief the issue").

Even if Mr. Hernandez's appellate filing could be read as making arguments aimed at the district court's resolution of his specific habeas claims, we conclude that those arguments are too inadequately presented to be legally cognizable here. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)

---

[4](...continued)
not vague, conclusory or incredible, and are backed up by . . . admissible proof . . . , and may not be resolved on the record"; and (3) he met his burden under the standards applicable to COA applications by showing that "at the time" of representation in this action, his attorneys "were under investigation or admitted to professional misconduct [in relation to other, unrelated causes of action that] surely affected their actions in this matter," and had issues with "alcohol abuse, mental health disabilities, [and] physical infirmities," which he claims is sufficient to merit the issuance of a COA on all his habeas claims. Aplt. Application for COA at 3.

6

("[W]e routinely have declined to consider arguments that are not raised, or are *inadequately presented*, in an appellant's opening brief." (emphasis added)); *see also United States v. Pursley*, 577 F.3d 1204, 1231 n.17 (10th Cir. 2009) ("[A]lthough Mr. Pursley alluded to the ex parte issue in his appellate brief, that skeletal reference does not present a cognizable issue for appellate review."), *cert. denied*, 130 S. Ct. 1098 (2010). Mr. Hernandez's pro se status does not relieve him of the obligation to point us in the direction of the alleged errors of the district court. If that were not true, we would be placed in the position of being Mr. Hernandez's advocate and our precedent does not permit us to step into that role. *See United States v. Pinson*, 584 F.3d 972, 975 (2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."), *cert. denied*, 130 S. Ct. 1548 (2010); *cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that although "[a] pro se litigant's pleadings are to be construed liberally," it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

Mr. Hernandez cannot avoid the consequences of his inadequate appellate briefing by incorporating his filings in the district court. As stated above, Mr. Hernandez's application attempts to "incorporate[] by . . . reference as though

7

fully set forth hereat [sic], each and every allegation set forth in all prior filings in this matter." Aplt. Application for COA at 2. This he cannot do. Under Tenth Circuit Rules, "[i]ncorporating by reference *portions* of lower court or agency briefs or pleadings is disapproved." 10th Cir. R. 28.4 (emphasis added). It should be patent that when the proposed incorporation is as all-encompassing as that sought by Mr. Hernandez, our disapproval results in an outright prohibition. *See Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (holding that the appellant was not permitted to incorporate district court filings into an appellate brief by reference, and that his "pro se status d[id] not except him from such established rules"); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) (concluding that it is not "acceptable argument" for plaintiffs to "attempt to adopt the materials they filed in the district court rather than setting forth in their appellate brief their quarrel with the district court's reasoning"). Consequently, Mr. Hernandez has failed to make a substantial showing of the denial of a constitutional right; that is, he has failed to demonstrate to this court—as to each of his habeas claims—"that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth*, 496 F.3d at 1136–37 (quoting *Miller-El*, 537 U.S. at 327).

8

## CONCLUSION

Based on the foregoing, we **DENY** Mr. Hernandez's request for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

9